## McKeon *vs.* Whitney.

The lessor, in a lease for a term, under seal, may maintain *debt* as well as covenant for rent in arrear against the assignee of the lessee.

Where the demise is by writing, not under seal, *debt for use and occupation* will lie against the assignee of the lessee.

Where the landlord had removed the assignee of the lessee on account of the non-payment of rent, by summary proceedings under 2 *R. S.* 512, § 28 *and seq.*, HELD, that an action would nevertheless lie for the rent which had become payable prior to such removal.

An eviction of the tenant by the lessor does not extinguish the rent then in arrear, though it suspends the remedy for accruing rent. *Per* LOTT, *Senator.*

Where the lessor of a term for years gave the lessee a general release after the latter had assigned the term, and after rent had become payable from the assignee; *held* that such release did not bar the action against the assignee for such rent.

On error from the supreme court. Whitney sued Hugh Mc-Keon in the court below in debt. The first count of the declaration set out a lease under seal of a lot of ground for a term of years from the plaintiff to James Ross and Edward McCormick, reserving rent, and alleged, in the usual form, that the estate of the lessees had come to and vested in the defendant and that rent had subsequently accrued. There were also counts for use and occupation. Plea, *nil debet.* On the trial the plaintiff proved the lease declared on, and gave evidence of possession by the defendant and of various acts of ownership on his part of the demised premises. The plaintiff also gave in evidence a lease of other lots not under seal, executed by himself as lessor, and by Reywood and Edward McKeon, as lessees; and gave general evidence like that above referred to, to show that the defendant had become the assignee of the lessees prior to the accruing of the rent claimed under this lease. This last mentioned rent he claimed to recover under the counts for use and occupation. In the course of the trial the plaintiff executed a general release to Reywood the lessee in the last mentioned lease, and examined him as a witness. When the plaintiff rested the defendant moved for a nonsuit, on various grounds, and among others, that the action of debt for use and occupation

would not lie for the rent claimed under the last mentioned lease; and also that the release of Reywood discharged the defendant so far as regarded the rent claimed under the lease to him and E. McKeon. The motion was denied and the defendant excepted. The defendant then gave in evidence proceedings instituted by the plaintiff under the provisions of the revised statutes concerning "summary proceedings to recover the possession of land," (2 *R. S.* 512, § 28 *and seq.*) by which it appeared that the plaintiff had made complaint before a justice of the marine court against the defendant as assignee of the two leases referred to, for holding over after default in the payment of rent, and that such proceedings were had that a warrant of removal was issued and executed by putting the plaintiff into the possession of the lots on the 14th day of May, 1842. The rent claimed in this suit accrued prior to the time of such removal. The evidence being closed, the defendant's counsel asked the judge to charge that the plaintiff was not entitled to recover on the grounds stated in respect to the motion for a nonsuit, and on the further ground that the removal of the defendant under the proceedings above mentioned cancelled and annulled the lease and precluded a recovery against the defendant as assignee. The defendant insisted also that if the proceedings before the justice of the marine court were void as had been suggested, on account of a defect in the proof of the service of the summons upon the tenant, that the removal of the defendant was a wrongful eviction by the landlord which precluded him from recovering. The judge refused to hold or charge as requested, but on the contrary instructed the jury that the plaintiff upon the evidence given was entitled to recover, and the defendant again excepted. The jury rendered a verdict for the plaintiff, upon which the court gave judgment. A motion for a new trial was made and argued in the court below ; but a new trial was denied. In the opinion delivered on that occasion by Mr. Justice Cowen, the discussion turned principally upon the matters of fact involved in the case. The case was argued here by

*J. T. Brady,* for the plaintiff in error, who maintained 1st.
That debt for use and occupation would not lie against the de-
fendant for the rent due under the lease to Reywood and E. Mc-
Keon; 2nd. That the release of Reywood discharged the cause
of action; and 3d. That the removal of the defendant from the
demised premises barred a recovery against him as assignee,
whether these proceedings were to be regarded as authorized by
the statute, or as the wrongful act of the plaintiff.

*E. Sanford,* for the defendant in error.

Lott, Senator. [After stating the facts and examining the
evidence to show that the defendant had been proved to be the
assignee of the lessees in both leases.] The defendant having
thus been shown to be an assignee, was liable to the plaintiff in
an action of debt for the rent which accrued on the lease speci-
fied in the first count, during the time he remained possessed of
the term thereby demised. Kent, in his commentaries, says:
"The assignee of the lessee is liable to the assignee of the lessor
in an action of debt for the time he holds—for though there is
no privity of contract, there is a privity of estate, which creates
a debt for the rent." (4 *Kent,* 96.) And Archbold lays down
the rule that if the lessee have assigned his term, the lessor or
assignee of the reversion may have debt or covenant against the
assignee of the term. (*Archb. Land. and Ten.* 140. *See also
Com. on Land. and Ten.* 425, 426; *Howland* v. *Coffin,* 9 *Pick.*
52; 1 *Saund.* 241, c.; *Walker's case,* 3 *Co.* 22; 1 *Chitty's
Pl. by Dunlap,* 3d *Am. ed.* 112; *id.* 353; *Lekeux* v. *Nash, Str.*
1221.)

It is also well settled that where there is a demise without
deed, the landlord may recover an equivalent for the use and
occupation of the demised premises by an action of debt. Sel-
wyn says, "In case of a demise not by deed, the action of debt
for use and occupation has been substituted for the ancient mode
of declaring in debt for rent." (1 *Sel. N. P. by Wheaton,* 451.)
And Mr. Starkie, in his work on evidence, lays down the rule
that "debt lies for use and occupation generally at common law,"

but " assumpsit for use and occupation depends upon the statute."
(4 *Stark. on Ev.* 1511. *See also Woodf. Land. and Ten.* 328;
*Chit. on Cont.* 107; 1 *Chit. Pl.* 102; 2 *id.* 224; *Wilkins* v. *Win-
gate*, 6 *T. R.* 62, *and n. b. ; King* v. *Frasier*, 6 *East.* 348;
*Egler* v. *Marsden*, 5 *Taunt.* 25.) This question has received
a full discussion and careful examination in *Gibson* v. *Kirk*,
(1 *Adol. & Ellis, N. S.* 850.) There the objection was taken
at the trial that debt for use and occupation did not lie where
there was an actual demise; but it was overruled by Alderson,
B. and his decision on a motion for a new trial was sustained.
Lord Denman, after reviewing the cases, concludes with this ob-
servation : " When the courts once established that debt for use
and occupation would lie, no sound reason can be assigned why
it should not be applied to all cases of demise not under seal, as
it undoubtedly has been for a long series of years." (*See also
Wilkinson* v. *Hall*, 3 *Bing. N. C.* 508.) It may therefore be
considered as established that debt for use and occupation is
maintainable under such circumstances.

This rule is general, and there is no ground for the position
urged on the argument that it is applicable only to the original
parties to the lease. The defendant, in this form of action, is
charged in respect to his occupation merely, and not on the de-
mise. (*Com. on Land. and Ten.* 431, 433.) It is indeed
necessary to support the action that the relation of landlord and
tenant should be established, and the demise may be used as
evidence for that purpose. By it the right of occupancy is giv-
en to the lessee, and this right is, by virtue of the assignment,
transferred to the assignee. He comes into the place of the les-
see as a tenant of the lessor, with all the rights and liabilities
incident to the relation of landlord and tenant while he contin-
ues such assignee. (*Archb. Land. and Ten.* 69, 70. *See also
Coles* v. *Marquand*, 2 *Hill*, 447, 449; *West* v. *Cartledge*, 5
*Hill*, 488, 489.) When, therefore, he enters into possession, it
is with the permission of the landlord, and there is no reason in
principle why an action should not be maintained against him
for his use and occupation of the demised premises during the
continuance of his tenancy, in the same manner and in the same

form as if he had been the original lessee. Nor does the distinction referred to appear to be supported by authority. Archbold, on the contrary, expressly says that the action will lie by the lessor against the assignee of the term, (*p.* 148, 150,) and I have found nothing in conflict with his position. In *Wilkins* v. *Wingate*, above cited, the question arose on a demurrer, and it was held that debt would lie for use and occupation generally ; and the reasoning of Lord Denman in *Gibson* v. *Kirk* applies as well to an occupation by an assignee as by the original lessee. See also *Ibbs* v. *Richardson*, (9 *Adol. & Ellis*, 849,) where the action was in debt against an assignee of a term holding over.

Assuming then the rule to be general, I have no doubt of the defendant's liability. His occupation was fully established by the evidence which has been already referred to for the purpose of showing him an assignee of the terms demised.

It remains then to be considered whether the proceedings under the statute, by which the defendant was dispossessed, barred the plaintiff's right of recovery for the rent previously accrued. This question was distinctly presented to the supreme court in *Hinsdale* v. *White*, (6 *Hill*, 507.) The whole subject was elaborately and very ably examined, and the views presented by the court appear to me so sound and conclusive that any effort on my part to add to their force would be futile. It is sufficient to say that I concur in those views and in their construction of the statute, the result of which is declared to be as stated by President King, of a like statute in Pennsylvania, that " the landlord undoubtedly has his remedy for the recovery of his rent, although he may be thus repossessed of his property, and he may prosecute it as he could any other claim in the suitable and appropriate forum." (*Rubicum* v. *Williams*, 1 *Ashm.* 235.) The same principle is established in *Hartshorne* v. *Watson*, (4 *Bing. N. C.* 178.)

There is no color for treating the proceeding in this case as an eviction by the landlord without legal process. The officer putting him in possession acted under a judicial warrant, regular on its face, issued by an officer who had acquired jurisdiction

McKeon *v.* Whitney.

of the subject matter, and whose judgment cannot be collaterally impeached in this action, and for whose acts the plaintiff cannot be held liable. But if it were otherwise, it would not affect this suit. The fact is wholly immaterial. The re-entry did not take place until the fourteenth day of May, 1842, which was after the rent in question became due. If, therefore, it be considered an eviction, it could only suspend the accruing rent, and did not discharge that which had previously accrued. (*Salmon* v. *Smith*, 1 *Saund.* 204, *and note* 2; *Gilb. Ev. by Loft,* 335; *Bac. Abr. tit. Rent, l; Pendleton* v. *Dyett,* 4 *Cowen*, 581; *Archb. Land. & Ten.* 144, 155; *Cruise's Dig.* 28, *tit. Rents, ch.* 3, §§ 1, 2.)

In the course of the trial, Reywood, one of the lessees in the unsealed lease, was released by the plaintiff to qualify him to be sworn as a witness, and it was thereupon insisted that this act discharged the defendant from his liability for the rent mentioned in that lease. I am of opinion that no such effect was produced. The defendant was liable only on account of the privity of estate, and for his use and occupation of the premises. That liability was entirely distinct from that of Reywood, who was liable only on his contract.

Upon every view of this case I am satisfied that the judgment is right, and ought to be affirmed.

SPENCER, Senator, also delivered a written opinion in favor of affirming the judgment, upon the same grounds stated in the opinion of Senator Lott.

On the question being put, " Shall this judgment be reversed ?" all the members of the court present, who had heard the argument, viz: The PRESIDENT, and *Senators* BARLOW, EMMONS, HAND, HARD, JOHNSON, LOTT, MITCHELL, PORTER, SANFORD, J. B. SMITH, S. SMITH, SPENCER, TALCOTT, WHEELER and WRIGHT, (16,) voted in favor of affirmance.

Judgment affirmed.