Crane *v.* Hardman.

HENRY D. CRANE and another *v.* THOMAS R. HARDMAN.

In an action for rent, upon a lease, the plaintiff can only recover for such rent as accrued and became payable before suit brought.

And where the tenancy has been terminated by summary proceedings, under the statute, and the tenant is dispossessed; the plaintiff, in an action for rent upon the lease, can only recover such rent as had become due when the dispossession took place, and not for the holding over after forfeiture.

The landlord undoubtedly has his remedy for a wrongful holding over without payment of rent, but not by action *on the lease for rent.*

The expenses of the proceedings to dispossess are recoverable from the tenant by action.

In an action upon a lease of premises, with steam power to be supplied by the landlord, the tenant may recoup his damages sustained by the failure of the landlord to supply steam power according to the provisions of the lease.

And the actual loss of wages paid during very short intervals, (e. g. one or two days,) to workmen who were in the defendant's employ by the week or month, if caused by want of steam power, may properly be allowed as damages.

ACTION by the plaintiffs, as landlords, for rent and for injuries done to the demised premises by the lessee thereof. These two claims were founded upon covenants in the lease. The complaint sought to recover further for the costs of a summary dispossession of the tenant. The answer set up a general denial, and claimed to recoup damages suffered from a failure to supply steam power in accordance with a stipulation contained in the lease. The case was brought up by appeal from the Third District Court, the plaintiffs asking a reversal, on the ground that the judgment awarded in their favor below, was for a less sum than they were entitled to recover. The opinion fully reviews the points and evidence in the cause.

*Augustus E. King,* for the plaintiffs.

*William R. Stafford,* for the defendant.

BY THE COURT. WOODRUFF, J.—The only grounds upon which the appellants seek to reverse the judgment herein are, first, that the court did not allow to the plaintiff a recovery of so much as, under the evidence, he was entitled to recover ; and, second, that there was error in allowing the defendant to recoup his damages.

As to the first point I feel constrained to say, that were the case now submitted to me for decision, upon the evidence returned to us on paper, I should have deemed the plaintiffs entitled to a larger recovery ; and it is not easy to see upon what view of the facts proved, or the law applicable thereto, the court below arrived at the result, and yet I am not satisfied that the finding is so clearly against evidence that it ought to be disturbed on that ground.

The complaint is for rent of premises from October 1st, 1854, to January 1st, 1855, at $200 per annum, under a lease, by which the rent was payable quarterly, on the first day of June, September, December and March. By the terms of the lease, then, rent was payable on the 1st of December ; and the complaint only claims rent from 1st October. This period is two months, and the rent therefor, to which the plaintiff was plainly entitled, was $33 33. In what manner the rent for the first month of this quarter (September) was settled for, does not appear ; but as the plaintiffs, in their written complaint, only claim rent from October, we must presume it had been paid or settled, or at all events say that the plaintiff, without amending his complaint, could not recover for what he did not claim therein.

It next appeared, that in December the plaintiffs dispossessed the defendant, before any more rent became due, and, indeed, no more rent became due, according to the terms of the lease, until March, after this suit was brought. The summons herein was issued early in January, 1855. Now, it is obvious that the defendant was not liable to the plaintiffs under the tenancy created by the lease, for any rent for December, until the quarter day arrived ; so that, if the tenancy be regarded as still subsisting, the whole sum

due for rent, from the day named in the complaint, was $33 33.

But it is insisted, that because the plaintiffs dispossessed the tenant in December, for the nonpayment of the rent due on the first day of that month, they may, therefore, recover for that portion of the month during which they were engaged in the endeavor to dispossess, i. e., for twenty-eight days during which the defendant held over.

The holding over was wrongful, and doubtless the plaintiffs are entitled, in some form, to indemnity ; but if they recover for such wrongful holding over it is not a recovery of rent, as rent under the lease, for that lease and the relation of landlord and tenant were voluntarily terminated by the plaintiffs themselves. A recovery of this rent, as rent, would be, *per se*, an affirmance of the tenancy, and this is irreconcilable with the proceedings to dispossess and terminate the tenancy. (See *Hinsdale* v. *White*, 6 Hill, 511 ; *McKeon* v. *Whitney*, 3 Denio, 452.) And whether it can or cannot be recovered in an action for the wrongful holding over, or for use and occupation, I am clearly of opinion that, under the present complaint, founded solely on the lease, and claiming a recovery under it, the compensation for such holding over for the twenty-eight days after forfeiture, could not be recovered; it never became due according to the lease declared upon. The plaintiff's claim for rent may, therefore, be set down at $33 33.

I think he was entitled to recover the costs and expenses of dispossessing the tenant. The statute warrants this in terms; and even though they might have been collected by warrant, that no more deprives the plaintiffs of their action therefor than the fact that a plaintiff may issue an execution on a judgment forms a bar to an action on the judgment These expenses were $7 50.

Now, in relation to the breach of the defendant's agree ment to leave the premises in as good condition as reason able use and wear and tear would permit—for it was as a breach of contract only that the claim for damages could b

united with an action for the rent—we cannot say the court below plainly erred. There was evidence that the plaintiffs, or one of them, himself cut away the side of the building, for which $25 damages were sought; and upon the whole evidence, the court may have come to the conclusion, taking into view the act of the plaintiff himself, the plaintiff's long acquiescence and other circumstances, that reasonable use for the very purposes for which the premises were let to the defendants required this very alteration. As to the work bench, this view of the subject is less satisfactory; but if the value of the work bench be allowed to the plaintiff at $25, the amount testified to, it will swell his claim to only $65 83, in the aggregate. And, possibly, the court below, perceiving that the whole damage claimed for injury to the building and the present property therein is fixed by the plaintiff in his complaint at $30, this claim of $25 for the work bench was somewhat exaggerated.

Taking the aggregate of the plaintiff's claim at $65 83, how far did the court below err in reducing it by allowing the defendants to recoup their damages for the plaintiff's breach of contract in not furnishing steam power?

The right to recoup such damages cannot be denied. It grew out of the lease itself, by which the plaintiffs were bound to furnish steam power, and this obligation was in part the consideration of the defendant's liability for the rent sued for. If the plaintiffs would insist that there was no stoppage beyond the ordinary and necessary delays for repairing, which a five year's lease must have probably contemplated, they should have proved that the stoppage was owing to such causes. If this would have been an excuse, none such was offered or proved on the trial.

As to the amount, surely it was not excessive to allow the defendants their actual loss while the works were idle, and the proof was distinct that the defendant's men could not work in consequence. The wages of those who were paid by the day or week were about $30; and the appellants, in their notice of appeal say, that if any counter claim was

allowable, it should not have been for more than $33 36—seemingly conceding that the last named sum was not excessive. If this be deducted from the appellant's claim, as established above, it will reduce it to $32 47, and the court below allowed them $34 16.

We do not often feel bound to go into this sort of examination of the evidence upon mere questions of fact, but I have indulged the apparent wish of the appellants in this case, and the result obviously is, that we cannot say that the judgment is so plainly against evidence or against law that we ought to reverse it. I think the judgment must be affirmed.

Judgment affirmed.