## MATTICE *vs.* LORD.

Where leases for years and for lives contained a provision that if the yearly rents reserved should be in arrear or unpaid, in whole or in part, for twenty days after the days of payment, the leases, and the estates granted, should cease and determine, and be and become absolutely void and of no effect; and that the lessor might re-enter, and have and enjoy the premises as of his former estate; *Held* that the enforcement of a forfeiture arising from a non-payment of rent, by a recovery of the possession of the premises in an action against the tenant, rendered the leases void *only from the time the forfeiture occurred;* and did not bar an action by the lessor, for the recovery of the rents due at the time of the default, viz. the same rents, for the non-payment of which the forfeiture was incurred.

The leases are void from the day of forfeiture, but are valid for the previous time.

THIS action was founded on two leases under seal, one for twelve years and the other for two lives. It was brought to recover rents of the lands described therein, which the lessee, in and by the leases, had covenanted to pay. It was provided in each lease, that if the yearly rents reserved "should be in arrear or unpaid or unperformed in part or in all by the space of twenty days next after the respective days and times appointed for the paying and performing thereof, that then, or in either of these cases," the leases and the estates granted should cease, determine and be and become absolutely void and of none effect; and thereupon it should and might be lawful to and for the lessor, his heirs and assigns, into the said demised farms, to re-enter and the same to have again, repossess, retain and enjoy as his and their former estates, any thing in the leases to the contrary notwithstanding. The rents due and unpaid on the first day of January, 1857, with interest thereon from that date to the time of the trial, amounted to $457.29. The rents that became due on the first day of January, 1853, were duly demanded of the defendant on the first, twentieth, and twenty-first days of that month, but he did not pay them, or express any willingness to pay the same.

The answer in the action contained three defenses: 1st. A denial of the allegations of the complaint; 2d. That the leases

Mattice *v.* Lord.

were void, by reason of an adverse holding of the lands by the defendant and his grantors; 3d. That the defendant had paid the rents. No other defense was set up in the answer.

The action was tried at the Schoharie circuit in November, 1858. The last action, tried at that circuit prior to the empanneling of the jury in this, was one brought by the plaintiff herein against Lewis Lord, to recover the possession of the lands described in the aforesaid leases; and in which the plaintiff obtained a verdict, for the reason that the defendant did not pay the rents demanded of him in January, 1853, as above stated. After the plaintiff had established his right to recover the above mentioned rents, and had rested his case, the defendant's counsel offered to prove that the plaintiff in this action had just obtained the verdict of a jury in an action wherein Lewis Lord was defendant, "that the plaintiff recover the possession of the premises described in the complaint in said action." Also that the leases of the premises, proved in this action, and upon which the plaintiff claimed to recover the rents, were for the same premises, a verdict for the possession of which the plaintiff had just recovered. Also that the rents sued for in this action were the same rents for the non-payment of which the forfeiture was incurred, to enforce which the other action was brought. The plaintiff's counsel objected to the evidence as incompetent and inadmissible, upon the following grounds, viz: 1st. That no such matter was pleaded; 2d. That there was no judgment in the other action, and that it was inadmissible until judgment, if at all, and that there might never be a judgment; 3d. That the evidence was improper and immaterial, as there could be but one satisfaction, although different remedies might be pursued at the same time; 4th. That there were rents sued for in this action that occurred prior to, and were not demanded in, the other suit, for which at least this action should lie. The court overruled the objections; to which decision the plaintiff's counsel excepted. The defendant then proved that the plaintiff in this action had, just immediately before the commencement of the

trial of this action, obtained a verdict, in an action wherein Lewis Lord was defendant, for the possession of the premises, by reason of the forfeiture incurred by the non-payment of the rent which he claimed to recover of the defendant in this action. The court then charged and directed the jury to find a verdict for the defendant; to which the plaintiff's counsel excepted. The plaintiff's counsel requested the court to charge, that the verdict in the other case was in no way a bar to the recovery in this action for the rent due prior to the accruing of the rent demanded; but the court refused so to charge, and instructed the jury that the verdict in the other action, being the enforcement of a forfeiture under the letting, was an absolute bar to any recovery for rent, in this suit; to which decision and charge the plaintiff's counsel excepted. The jury found a verdict for the defendant.

The plaintiff moved for a new trial, upon a bill of exceptions.

*R. W. Peckham,* for the plaintiff, cited *Hinsdale* v. *White,* (6 *Hill,* 507,) and *Jackson* v. *Allen,* (3 *Cowen,* 220.)

*A. Becker,* for the defendant.

*By the Court,* BALCOM, J. The principal question in this case is, whether the bringing of the action by the plaintiff to recover possession of the demised premises, by reason of the non-payment of rent for the space of twenty days next after it became due, and the obtaining of a verdict in that action, for the possession of the premises, is a bar to this action for such rent.

The lessee covenanted, that if the rent should be in arrear or unpaid for the space of twenty days next after the day specified for its payment, that then the leases and the estates granted should cease, determine, and be and become absolutely void and of none effect; and thereupon it should be lawful for the lessor, his heirs and assigns, to re-enter and have again the demised premises as his and their former es-

Mattice v. Lord.

tates, any thing in the leases to the contrary notwithstanding. The plaintiff obtained the verdict, "that he recover the possession of the premises" by reason of the non-payment of the rent that became due on the first day of January, 1853. The authorities show that the plaintiff may recover the rents reserved for the premises up to that day. In 3 *Salkeld,* page 3, it is said: "Lease to W. R. for life, rendering rent at Michaelmas, with a clause of re-entry for non-payment. The rent in arrear, and afterwards the lessor brought an action for the rent. Adjudged, that notwithstanding this action he (the lessor) might still enter for a breach of the condition, for the action for the rent did not affirm the lease, because it shall be intended to be brought as for a duty upon the contract." (*See* 2 *Platt on Leases,* 470.) *In Hartshorne* v. *Watson,* (4 *Bing. N. C.* 178; 33 *Eng. Com. Law Rep.* 312,) the lease contained a provision, that if the rent should be in arrear for fourteen days, it should be lawful for the lessor to re-enter, and the premises to have again, as if the indenture had never been made. The lessee assigned the premises, and on six quarters' rent falling in arrear, the lessor re-entered, and the assignee contended that by the re-entry the lease must be considered as never having had any existence, and, consequently, that the lessor had no right of action; but the court held the proper construction of the proviso to be, that *from the time of re-entry* the lessor should have the land, as if the indenture had not been made, and that the assignee was liable. "It would be singular (said Tindal, C. J.) to hold, that to an action for rent, on an instrument under seal, the lessee or assignee might plead non-payment, but that the lessor entered for non-payment: in other words, might deprive the lessor of his rent, because he declined to submit to any further loss." The above statement of the case of *Hartshorne* v. *Watson* is contained in *Platt's Treatise on Leases,* (*vol.* 2, *pp.* 331, 332,) and it is fully sustained by the case as reported at length, which I have examined. (*See Taylor's Landlord and Tenant,* 60.)

Mattice *v.* Lord.

The leases in the case at bar became void as to the rent reserved, only from the first day of January, 1853, by the enforcement of the forfeiture caused by the neglect to pay the rent which became due on that day, for the space of the next twenty days, and the demand of it at the proper time in such month. (*Doe* v. *Paul,* 3 *Car. & Payne,* 613. *Taylor's Landlord and Ten.* 60. 2 *Platt on Leases,* 338.) Possession of the premises was lawfully withheld from the plaintiff prior to the first day of January, 1853, but unlawfully subsequent to that day. He might have recovered damages for such unlawful withholding, in the action for the recovery of the possession of the premises, if the complaint therein had been framed with that view. (*Code,* § 167, *sub.* 5.) And he may yet recover such damages, by action. (*Id.* § 455. 2 *R. S.* 310, 311. *Holmes* v. *Davis,* 21 *Barb.* 265.) These views are sustained by those expressed in *Hinsdale* v. *White,* (6 *Hill,* 507.) The court in that case said: "The lease is indeed void from the day of the forfeiture, but is valid for the previous time. Compensation for possession continued after that time must be recovered by an action for mesne profits." And the decision in that case was fully approved by the court for the correction of errors in *McKeon* v. *Whitney,* (3 *Denio,* 452.)

The foregoing views are sustained by other authorities; but I need not cite them; and it is unnecessary to pass upon any other question in the case. The verdict in the action must be set aside, and a new trial granted; costs to abide the event.

Decision accordingly.

[TOMPKINS GENERAL TERM, November 15, 1859. *Mason, Balcom* and *Campbell,* Justices.]