Monell, Ch. J.
It distinctly appears that no attempt or effort was made by the defendants, to obtain a vacation of the injunction, until the trial of the cause.
The injunction contained an order requiring the defendants to show cause, six days thereafter, why it should not be continued during the pendency of the action. Eo cause was shown, and the injunction was continued by the order of the court.
The undertaking was required upon an ex parte application for the injunction, and covered such damages as the defendants might sustain, until they could, in the usual course and practice of the court, move to have it dissolved. When the court, upon the order to show cause, continued the injunction, it became a new proceeding, and it can not be claimed that the counsel fees paid or incurred by the defendants for the trial of the action, were paid or incurred by reason of the preliminary injunction, but they were incurred by reason of the injunction which was continued by the order of the court.
In Andrews v. Glenville Woolen Co. (50 N. Y. 282), a motion was made to dissolve the injunction, which was denied, but not upon the merits, the court declining to inquire into the merits until the final hearing. The defendant, had, therefore, to go to trial, and the court in allowing, as damages, the counsel fees for the trial, put it upon the ground that the defendant had *79 made the proper effort to dissolve the injunction before the trial. But the court declining to hear the motion, a trial was necessary, not merely to dispose of the issues, hut to get rid of the injunction. The court say : “ Until the cause should be tried the defendant was obliged to submit to the restraint. It was placed in that position by the order of the court, and not by its own laches.” And in Hovey v. The Rubber Tip Pencil Co. (Id. 335), counsel fees on the trial were expressly disallowed, on the ground that the defendant had not moved to dissolve the injunction.
These decisions are fatal to the allowance of any counsel fees in this case, as none appear to have been incurred, by reason of the preliminary or temporary injunction.
I think the referee fell into another error in estimat- ■ ing the other damages claimed by the defendants. It seems he ascertained what was the fair value for the use and occupation of the premises during the time the defendants were restrained, and made that the basis for ascertaining the damages.
The defendants were,restrained from interfering with the possession and from proceeding to recover the possession of the premises. They had alleged in such proceeding, that the persons in possession were their tenants ; and they sought to remove them from the premises. The court found them to be such tenants .of the defendants.
Such relation of landlord and tenant did not cease with, the institution of the injunction suit, nor with the institution of the proceeding before the civil magistrate, but it continued and subsisted between the defendants and the persons in possession at all times, from the commencement of the action tp the dissolution of the injunction : so that upon such dissolution the landlord was restored to all the rights and remedies in respect to her tenants, which had been suspended by the in *80 junction. Among them the injunction had suspended the collection of rent, but it neither canceled the leases nor defeated or annulled the tenants covenant to pay-rent, and therefore immediately upon the suspension being removed, the landlord could have proceeded to enforce the covenant. And she can still do so. Even if she had procured and executed a warrant of removal, her remedy for rent to the time of such removal, remained (Hinsdale v. White, 6 Hill, 507 ; McKeon v. Whitney, 3 Denio, 453).
The inquiry therefore should be, what rent has the defendant lost by reason of the injunction ?
The answer will depend upon a variety of facts. If the tenants were and are responsible, then their covenant can be enforced and the rent recovered. Then there would be no actual loss. If however, they had become irresponsible or had abandoned the premises pending on the injunction ; or the premises or any part of them were unoccupied, and might have been rented, there might be a loss of rent to the defendant.
In short, the loss must be ascertained in view of the responsibility of the parties and their several remedies, and also in view of the condition of the premises and the landlord’s ability to have rented or collected rent while the injunction continued, which he is now unable to collect by reason of the irresponsibility of the tenants, or' by reason of the premises being unoccupied. For such loss the defendants should recover, as the legitimate damages sustained by reason of the injunction.
If the plaintiff, pending the action, collected any rent of the tenants, the amount so collected will form a part of the damages.
The plaintiff is not entitled to any allowance or deduction for repairs or improvements, unless they have been allowed by him to the tenants, and deducted from the rent received by him.
*81 It must be referred back to the referee to disallow the counsel fees, and to re-estimate the item of damages growing out of the loss of rent, upon the basis stated in this opinion.
In all other respects, the report of the referee is undisturbed and confirmed.