(21 Misc. Rep. 339.)

### RIGLANDER v. NILE TOBACCO WORKS.

(Supreme Court, Appellate Term. October 1, 1897.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—RECOVERY OF RENT.

Defendant was tenant of certain premises at an agreed rental of $480 per annum, payable monthly in advance. For nonpayment of rent due on March 1st, plaintiff instituted summary proceedings to remove him. The precept was issued March 19th, the final order for his removal was rendered April 8th, and he vacated the premises April 10th, before a warrant was issued. Plaintiff then brought this action to recover the installment due March 1st, and also the installment claimed to have become due April 1st. The justice allowed recovery for the rent of both months. *Held*, that under Code Civ. Proc. § 2253, relating to the effect of summary proceedings on the landlord's claim for rent, plaintiff was entitled to the March installment in full, as having been payable, by the terms of the agreement, when the precept was issued, and also to the reasonable value of the use and occupation from April 1st to April 10th, as being a period as to which the agreement made no special provision, and might recover both amounts in one action upon the lease.

2. SAME—EVICTION—EFFECT.

*Held*, further, that the removal of the tenant on April 10th, under the duress of the judgment or final order, was tantamount to the issuing of the warrant or his eviction thereunder, and cut off the landlord's right to recover rent for any subsequent period, notwithstanding the fact that the rent was payable monthly in advance.

3. SAME—RENTAL VALUE—EVIDENCE.

*Held*, further, that while, as to the period from April 1st to April 10th, the rate of rental fixed by the lease did not conclude either party, it furnished some evidence of the value.

Appeal from Second district court.

Action by Jacob W. Riglander against the Nile Tobacco Works for the rent of certain premises, known as "Loft B," in Nos. 46 and 48 Broad street, New York, for the months of March and April, 1897, at $480 per annum, payable monthly in advance. From a judgment for plaintiff, defendant appeals. Affirmed on condition.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frederick G. Fisher and Ullo, Ruebsamen & Baldwin, for appellant. Edwin F. Stern, for respondent.

McADAM, J. It appears that on April 8, 1897, a final order for the removal of the defendant for nonpayment of rent falling due March 1, 1897, was rendered in favor of this plaintiff, and that the tenant vacated the premises on April 10th, before a warrant was issued. It was conceded upon the argument that the proceedings to remove the tenant which terminated in said order were commenced

on March 19, 1897, by the issuing of a precept on that day.    This action was brought to recover, not only the installment of rent falling due March 1st, before the issuing of the precept, but also rent claimed to have become due on April 1st, while the summary proceedings were pending.    The justice allowed recovery for the rent of both months, and the contention of the appellant is that such an allowance was improper, under section 2253 of the Code.    The Code provision is as follows:

"The issuing of a warrant, for the removal of a tenant from demised premises, cancels the agreement for the use of the premises, if any, under which the person removed held them; and annuls accordingly the relation of landlord and tenant, *except that it does not prevent a landlord from recovering, by action, any sum of money, which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises; or the reasonable value of the use and occupation thereof, to the time when the warrant was issued, for any period of time, with respect to which the agreement does not make any special provision for payment of rent.*"    Code Civ. Proc. § 2253.

This provision, without the words in italics, was taken from the previous statute (3 Rev. St. [6th Ed.] p. 827, § 43), under which it was held that, though a lessee be removed from demised premises for nonpayment of rent, the landlord may nevertheless recover the same rent by action; that the warrant simply annuls the lease from the time of the default for which it was issued, and that compensation for the use of the premises by the tenant intermediate the default and the time he is dispossessed cannot be recovered by action on the lease; and that the landlord's only remedy therefor is by proceeding against the tenant as a trespasser.    Hinsdale v. White, 6 Hill, 507; McKeon v. Whitney, 3 Denio, 452; Crane v. Hardman, 4 E. D. Smith, 339; Cushingham v. Phillips, 1 E. D. Smith, 416; Davison v. Donadi, 2 E. D. Smith, 121; Whitney v. Meyers, 1 Duer, 266.    In the action of trespass suggested, the recovery would be for the value of the use withheld, and limited to the time it continued.    The object of the words in italics, which were added in 1880 (the statute as amended being made section 2253 of the Code), was to allow the entire recovery in one action upon the lease.    Mr. Throop, the codifier, in his notes to this section, says, "It seems only just that the issuing of a precept should bar any claim for subsequent advance rent."    And, as to a claim for use and occupation after the issuing of the precept, he adds, "The issuing of the warrant has been fixed as the time for the termination of such a claim."    The occupation by the tenant of the demised premises from April 1st to April 10th entitled the plaintiff to recover the reasonable value of such use, because, respecting that particular period or stated number of days, the lease made no special provision for the payment of any fixed rent.    The agreement under which the premises were held fixed the value of the use during the term of the lease at $40 per month, and, while this did not conclude either party on that subject, it furnished some evidence of value, there being no other proof on the subject.

The next inquiry is whether the removal of the tenant under the duress of the judgment or final order is tantamount to the issuing of the warrant, or his eviction thereunder.    "The successful plaintiff in ejectment may, of course, at his election, if opportunity presents

itself, take peaceable possession of the lands in controversy without the aid of the sheriff, and without procuring a writ of possession to be issued. The defeated party in some cases surrenders the possession voluntarily, and in others the lands are unoccupied, or the defendant may have only had technical possession. In such cases the necessity of entering by virtue of the writ or any court .process is obviated. The judgment is a complete protection to the plaintiff against an action of trespass for entering and taking possession of the land under such circumstances." Sedg. & W. Tr. Tit. Land, § 549; People v. Cooper, 20 Hun, 486; Witbeck v. Van Rensselaer, 64 N. Y., at page 31. If the landlord had, under these authorities, the right to take peaceable possession of his land under the judgment before the final warrant, we cannot see why the tenant may not yield obedience to the mandate of the law by removing without awaiting the final writ of possession and actual eviction, or incurring further responsibility. Even an 'attornment by a tenant, otherwise void, is validated when made "pursuant to or in consequence of a judgment," etc. 2 Rev. St. (9th Ed.) p. 1818. So that parties proceeded against in possessory actions concerning realty may in some instances avert the inevitable by recognizing and acting on existing conditions. "As the defendant surrendered possession of the premises under the final order, the landlord thus secured the precise remedy he sought when he procured and served the precept." Gallagher v. Reilly (Com. Pl.) 10 N. Y. Supp. 536; Ash v. Purnell (Com. Pl.) 11 N. Y. Supp. 54; Baldwin v. Thibaudeau (Com. Pl.) 17 N. Y. Supp. 532; Newcombe v. Eagleton, 19 Misc. Rep. 603, 44 N. Y. Supp. 401. In these cases the removal of the tenant in obedience to the final order, or even after the issuing of the precept, was deemed tantamount to a removal under a warrant enforced by the landlord, the proceeding being in its nature possessory; and, by force of the Code provision before referred to, the landlord's recovery herein is limited to April 10, 1897, the date of removal, and cannot extend beyond it, notwithstanding the fact that the rent was payable monthly in advance.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless within 10 days the plaintiff stipulates to reduce the recovery of damages to $53.33, in which case the judgment as modified will be affirmed, without costs. All concur.