## RAINIER CO. v. SMITH.

(Supreme Court, Appellate Term, January 27, 1910.)

1. LANDLORD AND TENANT (§ 190*)—RENT—EVICTION—BREACH OF COVENANTS —EFFECT AS TO ACCRUED RENT.

A landlord's breach of his covenant for quiet enjoyment, or his wrongful eviction of the tenant, does not prevent recovery of accrued rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 767; Dec. Dig. § 190.*]

2. LANDLORD AND TENANT (§ 231*)—SUBLETTING—ACTIONS AGAINST SUBTENANT—ADMISSION OF EVIDENCE.

In an action by, tenants against subtenants for rent which had accrued when the tenants were dispossessed in summary proceedings by the landlord, evidence that the subtenants tendered the rent to the landlord in the summary proceedings was immaterial.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 927; Dec. Dig. § 231.*]

3. LANDLORD AND TENANT (§ 190*)—SUBTENANCY—RIGHT TO RENT—EVICTION OF PRINCIPAL TENANT.

Under Code Civ. Proc. § 2253, providing that the issuance of a warrant for the removal of a tenant in summary proceedings cancels the lease, but does not prevent the landlord from recovering accrued rent, or for use and occupation to the time when the warrant was issued, where the owner filed a petition in summary proceedings on November 27th to dispossess the tenant, and the final order of dispossession was entered December 2d, the tenant could not recover from a subtenant for rent and taxes due under the sublease on December 1st, though the subtenant was not actually evicted until December 10th, as the tenant's interest terminated when the summary proceedings were begun.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765, 767; Dec. Dig. § 190.*]

4. PRINCIPAL AND SURETY (§ 99*)—DISCHARGE—CHANGE OF OBLIGATION.

Where the principal tenancy was terminated by the beginning of summary proceedings by the landlord for nonpayment of rent, so that under Code Civ. Proc. § 2253, a subtenant would be liable thereafter, if at all, only for use and occupation, the termination of the principal tenancy by the tenant's fault released the surety on the sublease; his obligation having been thereby changed from one for rent under the lease to one for use and occupation.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 159; Dec. Dig. § 99.*]

Appeal from City Court of New York, Trial Term.

Action by the Rainier Company against Terence P. Smith. From a judgment for plaintiff, defendant appeals. Affirmed, as modified.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

John G. Snyder, for appellant.
Howard Hasbrouck, for respondent.

LEHMAN, J. The plaintiff herein leased to one Timothy D. Healey certain premises at a yearly rental of $7,000, together with such taxes and Croton water charges as might be imposed thereon during the year. Healey agreed to pay the rent and taxes monthly in advance. The defendant was surety for Healey under the lease. Healey subsequently

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    120 N.Y.S.—63

assigned the lease to the Harvard Automobile & Garage Company; but it does not appear that the plaintiff ever released Healey from any obligations under the lease. The plaintiff's interest in the premises leased by it was through a lease to itself from Lewis M. Borden and Joseph F. Taylor, as landlords. On November 27th a petition in summary proceedings to dispossess, entitled "Lewis M. Borden and Joseph F. Taylor, Landlords, against the Rainier Company, Tenant, and Harvard Automobile Company, Undertenant," was filed in the Municipal Court on account of the failure of this plaintiff to pay rent to its landlords. On December 2d a final order was entered according the possession of the premises to the landlords, and on December 9th a warrant was issued, and the Harvard Automobile Company vacated the premises on December 10th. Thereafter the plaintiff brought this action for the installment of rent and taxes due November 1st, for the installment of rent and taxes due December 1st, and for the Croton water charges due December 1st. The facts recited above were not disputed, and the trial justice directed a verdict in favor of the plaintiff for the full amount.

While the plaintiff has not itself paid any rent to the landlords for either November or December, and this neglect has resulted in a breach of its covenant of quiet enjoyment to its tenant, nevertheless I think the direction of a verdict upon the first cause of action for rent and taxes due on November 1st was correct. This rent was due in advance, and the plaintiff was not required to allege or prove that it had complied with the terms of the lease. The rent had accrued on that date, and a subsequent breach by the plaintiff of a covenant of the lease could not deprive it of its rights. Hurliman v. Seckendorf, 9 Misc. Rep. 264, 29 N. Y. Supp. 740; Id., 10 Misc. Rep. 549, 31 N. Y. Supp. 443. Even a subsequent wrongful eviction on its part would be no defense to this action. Fuller v. Manhattan Construction Co., 44 Misc. Rep. 219, 88 N. Y. Supp. 1049.

The trial justice was correct in excluding the evidence as to the alleged tender of rent by the subtenants to the landlords in the summary proceedings. Such a tender could not be material upon the issues in this action.

It seems to me, however, that the learned trial justice should have dismissed the second and third causes of action for rent, taxes, and water charges accruing on December 1st. The trial justice apparently relied upon dicta that are to be found in several cases that:

"It is well settled that under this statute (Code Civ. Proc. § 2253) the issuance of a warrant of dispossess terminates the lease and relieves the tenant from further liability, except for such rent as shall have accrued prior to the issuance of the warrant." Slater v. Bonfiglio, 56 Misc. Rep. 385, 106 N. Y. Supp. 861 (City Court).

See, also, Adler v. Kramer, 39 Misc. Rep. 642, 644, 80 N. Y. Supp. 624.

The law as laid down in the case of Michaels v. Fishel, 51 App. Div. 274, 64 N. Y. Supp. 1007, affirmed 169 N. Y. 381, 62 N. E. 425, is that:

"Although the issuing of the warrant for the removal of a tenant cancels the lease, still the landlord is not precluded thereby from holding the tenant for rent to the time the warrant was issued."

In spite of these cases I think that the law is well settled that section 2253 means exactly what it says: The lease is canceled by the issuing of the warrant for all purposes, except that it does not prevent the landlord from recovering—

"any sum of money which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises, or the reasonable value of the use and occupation thereof, to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any special provision for the payment of rent."

In the case of Riglander v. Nile Tobacco Works, 21 Misc. Rep. 339, 47 N. Y. Supp. 188, the landlord sought to obtain payment of an installment of rent falling due on March 1st before the issuing of the precept, and also rent claimed to have become due on April 1st while the summary proceedings were pending. This court, in a learned opinion written by Mr. Justice McAdam, considered the meaning of the statute and adopted the interpretation put upon this section by Mr. Throop, the codifier, in his notes (at page 340 of 21 Misc. Rep., at page 189 of 47 N. Y. Supp.):

"It seems only just that the issuing of a precept should bar any claim for subsequent advance rent."

But it was held that:

"The occupation by the tenant of the demised premises from April 1st to April 10th entitled the plaintiff to recover the reasonable value of such use, because respecting that particular period or stated number of days the lease made no special provision for the payment of any fixed rent."

In the case of Boehm v. Rich, 13 Daly, 62, the court held that where rent was due on June 2d, proceedings begun on that date, and the tenant removed on June 3d, he was not obliged to pay the rent due on June 2d, because no default in the payment of rent took place until midnight of that date.

I do not think that the subsequent case of Adler v. Kramer, supra, or Slater v. Bonfiglio, supra, are authority for any other rule. The statements of the law above cited were merely dicta. In the case of Slater v. Bonfiglio the only question before the court was whether, after the landlord had obtained the premises by summary proceedings, he could hold the tenant for a deficiency in rent when he leases the premises to another party. It was immaterial in this case whether the tenant was bound to pay rent till the precept was issued, or till the warrant was issued, and at one place the court says that the landlord could recover rent till the first event, and at another place till the second event. Moreover, as authority for the dictum quoted above that the landlord could recover accrued rent till the issuance of the warrant, it cites various cases which are authority only for the proposition that the summary proceeding destroys all obligations created by the lease, "excepting such as had accrued at the time of the dispossession," whether such rights be for the payment of the rent under the lease or for use and occupation. In the case of Adler v. Kramer, supra, the same statement of the law is based upon the same authority, and the distinction between the right to the rent reserved and the right to the value of the use and occupation is immaterial to the decision. In that case the rent itself

became due after the issuance of the precept, but it was not rent payable in advance, but was rent for a period already passed. Moreover, the judgment was not for the amount of this rent, but allowed the landlord to hold a deposit as liquidated damages.

I am therefore constrained to the opinion that on principle and authority, and in conformity with the justice of the case, the plaintiff was not entitled to any rent or water taxes that became due on December 1st. In reaching this conclusion I have not overlooked the plaintiff's contention that since it did not bring the summary proceedings, and did not voluntarily terminate the lease, it should be entitled to all installments of rent due before the tenant was actually evicted, and that such eviction took place only on December 10th. Such a contention seems to me untenable. The plaintiff had by its own default placed the landlords in a position where they could terminate all interest of the plaintiff in this lease. Before December 1st the proceedings had been begun which finally terminated this interest, and from the commencement of these proceedings the plaintiff had no interest in the premises which would allow it to claim rent payable in advance. In fact, I do not feel certain that the plaintiff could recover against the tenant even for use and occupation; but we need not decide that question here, because in no event could it hold the surety for such use and occupation. It has by its own neglect changed the obligation of the principal debtor from one for rent reserved to one for use and occupation, and it has thereby released the surety.

The judgment should therefore be modified, by providing for the dismissal of the second and third causes of action, and, as modified, affirmed, without costs on this appeal. All concur.