## DORB v. WAYBRIGHT.

### (Supreme Court, Appellate Term.    January, 1910.)

1. LANDLORD AND TENANT (§ 198*)—EVICTION OF TENANT—TENANT'S LIABILITY FOR RENT—REASONABLE VALUE.

Under Code Civ. Proc. § 2253, providing that the issuance of a warrant in summary proceedings cancels the lease, but does not prevent the landlord from recovering accrued rent, or for use and occupation to the time the warrant was issued, rent accruing after the issuance of a precept and up to the issuance of the warrant is payable only on the basis of the reasonable value of the use and occupation of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

2. USE AND OCCUPATION (§ 9*)—RENTED VALUE—EVIDENCE.

Though the agreed rent was not conclusive on either party as to the reasonable value of the premises, in the absence of other proof, it furnished some evidence thereof.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. § 25; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Abraham Dorb against Elehanan Winchester Waybright. Judgment for plaintiff, and defendant appeals. Reversed, unless plaintiff stipulates to reduce the amount of recovery, in which case, affirmed, as modified.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Ferguson & Ferguson, for appellant.

Herman Gottlieb, for respondent.

BIJUR, J.   The rent of the premises in question was payable monthly in advance on the 15th.   On the 13th of September, the August rent not having been paid, a precept was issued, directed to the defendant, returnable September 16th, and on September 16th the warrant to remove was signed by the justice on the defendant's default. During the afternoon of the 16th, the defendant moved out all his property voluntarily, and the court below gave judgment in this action for two months' rent payable in advance on August 15th and September 15th.

This case is similar to Riglander v. Nile Tobacco Works, 21 Misc. Rep. 339, 47 N. Y. Supp. 188, in which section 2253 of the Code of Civil Procedure was construed to mean that rent accruing after the issuance of a precept and up to the issuance of the warrant is payable only on the basis of the reasonable value of the use and occupation of the premises.   Rainier Co. v. Smith (Appellate Term, December, 1909) 120 N. Y. Supp. 993.   The rent in this case was $33 per month.   While this did not conclude either party as to the reasonable value, it furnished some evidence thereof.   There was no other proof on the subject.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event, unless within 10 days the plaintiff stipulates to re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

duce the amount of his recovery to $44.96, in which case the judgment, as modified, will be affirmed, with costs to the appellant. All concur.