FIFTH AVENUE INVESTMENT & IMPROVEMENT CO. v. BOUNSIGNORE REALTY CO.

(Supreme Court, Appellate Term. March 8, 1912.)

1. LANDLORD AND TENANT (§ 311*)—DISPOSSESSION OF TENANT—STAY OF PROCEEDINGS.

Under Code Civ. Proc. § 2254, which provides that a party against whom a final order is made for the delivery of possession may, at any time before a warrant issues, stay its issuance, and also stay an execution for costs, by payment of the rent due and the costs of the proceeding, defendant's payment of rent admittedly due, without payment of costs, did not stay the issuance of a warrant or terminate the proceeding.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1322–1324; Dec. Dig. § 311.*]

2. LANDLORD AND TENANT (§ 313*)—TERM OF YEARS—TERMINATION.

The vacating of the premises by a tenant under a final order requiring delivery of possession to the landlord terminates the relationship of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1326; Dec. Dig. § 313.*]

3. LANDLORD AND TENANT (§ 198*)—ACTION FOR RENT—DISPOSSESSION OF TENANT.

After the tenant's dispossession at the instance of the landlord, the relationship is terminated; and the landlord, under a clause of the lease by which the tenant, on surrender, dispossession, or otherwise, agreed to pay the difference between the rent and that otherwise received during the term remaining at the time of re-entry, cannot maintain an action for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Fifth Avenue Investment & Improvement Company against the Bounsignore Realty Company. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Reeves & Todd, for appellant.

George Hahn, for respondent.

GUY, J. The defendant appeals from a judgment, entered by direction of the court, in favor of plaintiff in an action for rent. The defendant was in possession of the premises under a two-year written lease. On October 11, 1911, the plaintiff began dispossess proceedings against defendant, and a final order was entered October 30, 1911. Defendant on that day asked for an adjournment, to enable him, according to his testimony, to move. Defendant's witness testified that an adjournment was asked for to enable defendant to "pay or move." An adjournment was then granted until October 31st, and no warrant was issued. On October 31st defendant paid the plaintiff the amount of the October rent, but did not pay the costs. Defendant testified that he endeavored to move on October 31st, immediately after 5 p. m., but was prevented from doing so by plaintiff's employés. The lease provided that the defendant should not move between the hours of 9 a. m. and 5 p. m.

[1] Section 2254 of the Code provides as follows:

"The party, against whom a final order is made, requiring the delivery of possession to the petitioner, may at any time before a warrant is issued, stay the issuing thereof, and also stay an execution to collect the costs as follows: By payment of the rent due ⁕ * * and the costs of the special proceeding."

The defendant herein did not pay the costs of the special proceeding, but only paid the October rent, which was admittedly due. Not having paid the costs, as required by section 2254 of the Code, the payment of the rent did not stay the issuance of the warrant or terminate the proceeding.

[2] The vacating of the premises by the defendant under a final order requiring the delivery of possession to the plaintiff operated to terminate the relationship of landlord and tenant between the parties. Riglander v. Nile Tobacco Works, 21 Misc. Rep. 339, 47 N. Y. Supp. 188; Rainier Co. v. Smith, 65 Misc. Rep. 560, 120 N. Y. Supp. 993; Dorb v. Waybright (Sup.) 121 N. Y. Supp. 584.

"Where, after the issue of the precept and the making of a final order, but before the issue of the warrant, the tenant voluntarily vacates, the landlord is not entitled to recover rent accruing subsequent to the day when the tenant left, and this, notwithstanding the fact that the lease provides that the rent shall be payable monthly in advance." Riglander v. Nile Tobacco Works, supra.

[3] Plaintiff also claims the right to recover under the following clause of the lease:

"Ninth. It is further agreed that, in case the said demised premises shall be deserted or vacated,  *  *  *  either before or after the commencement of the term, or if default shall be made in the payment of the rent, or any part thereof, at the time specified herein,  *  *  *  this lease shall (if the landlord so elect) become null and void thereupon, and the landlord shall have the right to re-enter or repossess the said premises, either by force, summary proceedings, surrender, or otherwise,  *  *  *  and, in such case, the landlord may, at his option, relet the premises, or any part thereof, as the agent of the tenant, and *the tenant agrees to pay the landlord the difference as ascertained from time to time, between the rents and sums hereby reserved and agreed to be paid by the tenant and those otherwise received, on account of rents of the demised premises, during the residue of the term remaining at the time of the re-entry or repossession.*"

This is a covenant which would survive the cancellation of the lease and might form the basis of an action for damages for breach of the covenant; but, under this clause of the lease, the plaintiff is not entitled to maintain an action for rent, the relation of landlord and tenant having been terminated by the dispossession of the tenant at the instance of the landlord.

The judgment should therefore be reversed, and the complaint dismissed, with costs.   All concur.