### FIFTH AVENUE INVESTING & IMPROVEMENT CO. v. BUONSIGNORE REALTY CORP.

(Supreme Court, Appellate Term. May 15, 1912.)

LANDLORD AND TENANT (§ 198*)—SUMMARY PROCEEDINGS—WARRANT—ACTION FOR RENT.

The issuance of a warrant in summary proceedings on a final order in favor of a landlord, awarding him the delivery of the leased premises for nonpayment of rent, severs the relation of landlord and tenant, and the landlord cannot thereafter maintain an action for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

On reargument. Former opinion sustained.

For former opinion, see 133 N. Y. Supp. 964.

PER CURIAM. This appeal was heard at the February term of this court, and the opinion of Mr. Justice Guy writing for the court will be found in 133 N. Y. Supp. 964.

A reargument was granted upon the application of the plaintiff, and we have carefully re-examined the record, and see no reason for a change in our former determination. The precept and other papers in the summary proceedings instituted by the plaintiff to dispossess the defendant for nonpayment of rent for the month of October was introduced in evidence in the trial of this case by the defendant, and evidence given by it that subsequent to the beginning of such proceedings, and that by reason thereof the defendant abandoned the premises. Upon the back of the precept appear the following recitals:

"Final order was therefore made the 30 day of October 1911 in favor of said landlord awarding the said landlord the delivery of the premises within described by reason of nonpayment of rent, together with costs. W. C. Wilson, Justice, etc. Warrant issued. By consent warrant stayed to Nov. 1."

It therefore appears that a warrant was issued, and that further proceedings under the warrant were stayed by consent until November 1st, on which day the tenant vacated the premises. The payment of the October rent after the issuance of the warrant did not operate as a discontinuance of the proceedings by virtue of section 2254 of the Code of Civil Procedure; but the issuance of the warrant operated to sever the relation of landlord and tenant, and the plaintiff could no longer maintain an action for rent.

Judgment reversed and complaint dismissed, with costs in both courts, but without costs upon reargument.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes