## McGRORY v. LANGE.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

LANDLORD AND TENANT (§ 198*)—SUBTENANCY—RIGHT TO RENT—EVICTION OF PRINCIPAL TENANT.

Under Code Civ. Proc. § 2253, providing that the issuance of a warrant for the removal of a tenant in summary proceeding cancels the lease, but does not prevent recovery of any accrued rent, such right to rent is not abridged by the issuance of precepts which are dismissed, but continues to the time of the precept upon which the final order is based, so that where the subtenant was dispossessed on September 13, 1912, on final precept issued August 2, 1912, the tenant could not recover the September rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by William H. McGrory against Ludwig W. Lange. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Baker & Hyman, of New York City (Sol. A. Hyman, of New York City, of counsel), for appellant.

Bernard J. Tinney, of New York City, for respondent.

PER CURIAM. The plaintiff sues his subtenant to recover for the rent of premises for the months of May, June, July, August, and September, 1912. It appears that plaintiff was a tenant of premises owned by the Pennsylvania Railroad Company, the lease containing a clause providing for its termination upon 30 days' notice. This notice was given to plaintiff and his subtenant on April 26, 1912, expiring May 26, 1912. In May and subsequent thereto several precepts were issued in dispossess proceedings taken by the railroad company against the plaintiff herein and his subtenant, which were withdrawn or dismissed, until August 2, 1912, when a precept was issued which finally terminated in the issuance of a warrant under which the tenants were dispossessed upon September 13, 1912. The defendant makes no claim that he paid the plaintiff any rent for the months above mentioned, except as to the month of May, which, upon a conflict of evidence as to the payment of that month's rent, the court below found in favor of the plaintiff.

The law is perfectly clear. Section 2253 of the Code of Civil Procedure provides that the issuance of a warrant cancels the lease, but that it does not preclude a landlord from recovering by action any sum of money "which was, at the time the precept was issued, payable by the terms of the agreement as rent." See Rainier Co. v. Smith, 65 Misc. Rep. 560, 120 N. Y. Supp. 993. The claim of the defendant that the service of the notice by the Pennsylvania Railroad deprived the plaintiff of any right to recover rent is untenable. The right to recover rent accruing prior to the issuance of the precept under which the warrant of dispossess was granted is given by statute, and this right is not abridged by the issuance of precepts which are dismissed, but continues to the time of the issuance of the precept upon which the final order is based. The plaintiff was, however, not entitled to the September rent; the final precept having been issued upon August 2d.

The judgment must therefore be modified, by reducing the same to the sum of $240, and appropriate costs in the court below, and, as modified, affirmed, with costs to the respondent. All concur.