TRULY WARNER, INC., Plaintiff, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 5, 1929.

*Stein & Salant,* for the plaintiff.

*Coudert Brothers,* for the defendant.

GENUNG, J. In October, 1926, one William H. Sullivan was a tenant in possession of the corner store and basement of the premises 1431–1433 Broadway, borough of Manhattan, city of New York, under and by virtue of a lease with the Wilgreen Corporation, which expired on October 14, 1929, at an annual rental of $20,000, payable in equal monthly installments on the first day of each month in advance during the term of said lease. On October 19, 1926, an agreement was made between Sullivan and the plaintiff, Truly Warner, Inc., which provided that Sullivan would surrender his lease to the Wilgreen Corporation and said corporation in turn would make a lease with the plaintiff for the unexpired term of the said lease with Sullivan, at an annual rental of $20,000, and that Sullivan would pay to the plaintiff the sum of $2,000 a year in monthly payments of $166.66 and that the payment of the said $2,000 was to be secured by a bond. To guarantee the payment by Sullivan of the said sum of $2,000 on October 19, 1926, the defendant executed and delivered its bond to the plaintiff.

In August, 1927, the said Wilgreen Corporation having defaulted in the payment of rent, the Alurion Realty Corporation, the owner of the building, instituted summary proceedings for non-payment of rent against the Wilgreen Corporation, as tenant, and Truly Warner, Inc., and William H. Sullivan and others, under-tenants, but service of the petition and precept was not made on Sullivan. On August 22, 1927, a stipulation was made between the Alurion Realty Corporation and Truly Warner, Inc., by which the summary proceedings were discontinued without cost as against Truly Warner, Inc., and William H. Sullivan, and upon possession of the premises being awarded to the Alurion Realty Corporation, the lease between said corporation and Truly Warner, Inc., " shall be recognized by Alurion Realty Corporation to be in full force and effect with full right of possession to the premises thereby demised to Truly Warner, Inc." The stipulation further provided that, upon possession of said premises being awarded to the Alurion Realty Corporation, " Truly Warner, Inc., will forthwith attorn to Alurion Realty Corporation, its successors and assigns and from that time forth during the continuance of said lease will pay the rentals reserved by said lease dated October 19, 1926, to the landlord, to Alurion Realty Corporation, its successors and assigns * * * and Alurion Realty Corporation agrees during all the aforesaid period to recognize as outstanding and effective the aforesaid lease dated October 19, 1926, and the right of possession of Truly Warner, Inc., of the premises thereby demised." A final order was signed

in the summary proceedings against the tenant, the Wilgreen Corporation, and a warrant was issued on September 8, 1927, and returned satisfied on September 15, 1927.

Thereafter the monthly payments of $166.66 a month were made by William H. Sullivan to the plaintiff, although at later dates than the first of the month and after repeated demands upon Sullivan and the defendant until March, 1928, when Sullivan went into bankruptcy and defendant refused to make payments. This action was commenced for the installment of $166.66 due on the 1st of March, 1928.

The plaintiff's lease with the Wilgreen Corporation was not canceled by the summary proceedings instituted by the Alurion Realty Corporation against the Wilgreen Corporation, as tenant, and Truly Warner, Inc., as under-tenant. The discontinuance of the summary proceeding against the plaintiff, as under-tenant of the Wilgreen Corporation, had the same force and effect as if the plaintiff were never made a party to the summary proceeding. (18 C. J. 1170; *Bauer* v. *Parker*, 82 App. Div. 289; *Eisberg* v. *Cornell*, 154 id. 885.) The stipulation between the Alurion Realty Corporation and Truly Warner, Inc., expressly recognized the lease between plaintiff and the Wilgreen Corporation *to be in full force and effect with full right of possession to the premises.* The subsequent attornment by the plaintiff, with the payment and acceptance of rent by the Alurion Realty Corporation, continued the obligation of the plaintiff to pay the rental provided and to perform the conditions contained in the said lease. The plaintiff has continuously remained in possession of the demised premises under and pursuant to the terms of the said lease between the plaintiff and the Wilgreen Corporation. If the summary proceeding had continued with the plaintiff as under-tenant, and a final order had been signed and a warrant issued and if the plaintiff thereupon had made a new lease with the Alurion Realty Corporation for the demised premises, a different situation would have been presented. In that event it might have been claimed that the issuance of the warrant and the eviction of the tenant and under-tenant had terminated the lease and the relationship of landlord and tenant thereby created. (*Fifth Avenue Investing & Improvement Co.* v. *Buonsignore*, 135 N. Y. Supp. 674; *Van Vleck* v. *White*, 66 App. Div. 14.) In that event it might have been claimed that the change in the lease had released the surety from its obligation under the bond. (*Miller* v. *Stewart*, 9 Wheat. 680; *Bangs* v. *Strong*, 4 N. Y. 315; *Trustees of Section Sixteen* v. *Miller*, 3 Ohio, 261; *Robson* v. *Mississippi River Logging Co.*, 43 Fed. 364; *Lorrillard* v. *Clyde*, 142 N. Y. 456.) In view of the facts presented,

and following well-known principles of construction (*Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204, 207; *Richardson* v. *County of Steuben*, 226 id. 13, 19; *Village of Argyle* v. *Plunkett*, Id. 306), the defendant must be held to the obligation of the bond. Judgment is granted in favor of the plaintiff.