CASTLE et al. v. ARMSTEAD.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

1. USE AND OCCUPATION ☞1—GROUNDS OF OBLIGATION.

To sustain an action for use and occupation, the conventional relation of landlord and tenant must, as a general rule, exist, and there must be an implied or express agreement to pay rent, and an agreement is not implied from mere occupation of the premises, nor by entry pursuant to an agreement to purchase, though the purchaser surrenders the premises because of failure of the vendor to make title.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. §§ 1–11; Dec. Dig. ☞1.]

2. USE AND OCCUPATION ☞1—GROUNDS OF OBLIGATION.

A purchaser who entered into possession, and who rescinded the contract and recovered his part payment of the price, was not liable to the vendor for use and occupation for the time of the possession, under the rule that, when a contract is rescinded, the parties shall be restored to the position at the making of the contract, for that rule presupposes that rescission was for a cause that did not involve the vendor's fault, and that he was able to perform, as, in the absence of any showing, it must be assumed that the rescission was because of the vendor's default.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. §§ 1–11; Dec. Dig. ☞1.]

Appeal from Trial Term, Kings County.

Action by Walter L. Castle and another against Frank C. Armstead. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

George W. Titcomb, of Brooklyn (Frank E. Johnson, Jr., of Brooklyn, on the brief), for appellants.

Edward H. Lockwood, of New York City, for respondent.

THOMAS, J. [1, 2] The question is whether a vendee, who has possession of premises pursuant to a contract of purchase, is liable to the owner for the value of the use and occupation, if he rescind the contract and by suit recover a payment, in this instance $500, made upon the execution of the contract. The record does not disclose the ground of the rescission, but it is indicated that the vendor unwillingly returned the first installment of purchase money, and that he was afforded an opportunity to contest the right to rescind. The day for closing was September 13, 1910, and the possession continued until April 15, 1912. By the terms of the contract the vendor was entitled to possession, and provision was made for adjusting the rents and interest on the mortgages subject to which the vendee purchased. Why the vendee was let into possession is not disclosed, but that he was there under the contract is conceded. So far as appears, the vendee would not have been required to pay interest on the purchase money or to pay for the use and occupation, had there been performance. If the plaintiff should recover therefor by reason of the rescission, he

would receive what would have been denied, had he performed the contract. It is inferable that the rescission was based upon grounds other than defendant's fault, for in that case he could not of right rescind. That the rescission was not by mutual arrangement is indicated by the compulsory return of the payment. The plaintiff, asking for what he could not have had in case of performance, should show that he is in a better position to recover than if he had performed. But he is content to insist that, when it appears that the defendant rescinded, the law implies that the parties should be restored to the position existing at the time the contract was made, and that the vendee must restore what he has received, viz., the value of use and occupation. But this presupposes that the rescission was from a cause that did not involve the plaintiff's fault, and that he was able to perform. There is nothing to indicate that such was the case, nor is there any presumption of it. At the least, the presumption is as favorable to the defendant as to the plaintiff, inasmuch as defendant could not have rescinded for a fault of his own. Vendor's inability to perform might arise from a mutual mistake. But, none the less, the vendor could not perform, and it would be equitable at least that he should show that the vendee's error contributed to the mistake, before casting upon him a burden that would not fall to him in case of performance. The plaintiff refers to cases where, upon rescission, the vendor has recovered for the value of the use and occupation by the vendee. But in some instances the rescission was by mutual consent, and the decision rested on that fact. Smith v. Stewart, 83 N. C. 406; Vider v. Ferguson, 88 Ill. App. 136.

In Coffman & Horine v. Huck, 19 Mo. 435, land not owned by the vendor was included in an actual conveyance, through no fraud of the vendor and without fault on the part of the vendee, and it was decided that the latter should account only for the profit made from the land of which the vendor had title. In Pierce v. Pierce, 25 Barb. 243, there was an agreement to pay a specified rent. In Mattox v. Hightshue, 39 Ind. 95, the deed of a married woman was void, and it was decided that the vendee entered and occupied the land with full knowledge and should pay for the use. In this state the usual rule prevails that, to sustain an action for use and occupation, the conventional relation of landlord and tenant must prevail. There must be an agreement, express or implied, to pay rent. Preston v. Hawley, 139 N. Y. 296, 34 N. E. 906; Id., 101 N. Y. 586, 5 N. E. 770; Collyer v. Collyer, 113 N. Y. 442, 21 N. E. 114; Lamb v. Lamb, 146 N. Y. 317, 41 N. E. 26; Biglow v. Biglow, 75 App. Div. 98, 77 N. Y. Supp. 716. The agreement is not implied from mere occupation of premises. Genet v. Willcox, 93 App. Div. 588, 87 N. Y. Supp. 938. Such agreement is not implied by entry pursuant to an agreement to purchase (Fletcher v. Button, 4 N. Y. 396; Bancroft v. Wardwell, 13 Johns. 489, 7 Am. Dec. 396; Thompson v. Bower, 60 Barb. 463), even though the vendee surrender the premises by failure of the vendor to make title (Sylvester v. Ralston, 31 Barb. 286, where it was said that the action could not be sustained "whether they had performed or not, for the reason that the conventional relation of landlord and

tenant did not exist"). In Smith v. Stewart, 6 Johns. 46, 5 Am. Dec. 186, it was decided that the action would not lie where the vendee refused to perform. I find in this state no countenance of the proposition that the law will imply such relation from rescission of the contract. Much the more would such recovery be unjust, unless it were to appear that the rescission by the vendee was not by reason of the vendor's fault.

The judgment should be affirmed, with costs. All concur.