CITY OF NEW YORK, Plaintiff, *v.* FINK, Defendant.

Supreme Court, New York County, October 16, 1927.

**Landlord and tenant — use and occupation — pleadings showed occupation without consent of plaintiff — complaint is sufficient since recovery may be had from trespasser for reasonable use and occupation.**

A complaint in an action to recover the reasonable value of the use and occupation of the premises is not insufficient, although it appears by the complaint and the bill of particulars furnished that the plaintiff did not consent to the defendant's use of the premises, for the plaintiff may recover the reasonable value of the use and occupation of premises by a trespasser. The recovery in such a case is in the nature of damages which are measured by the reasonable value of the use and occupation of the property.

MOTION by defendant, under rule 112 of the Rules of Civil Practice, for judgment on the pleadings.

*George P. Nicholson,* Corporation Counsel, for the plaintiff.

*Benjamin F. Schreiber,* for the defendant.

McGOLDRICK, J. The complaint alleges ownership in fee by the plaintiff of the lands described; that the defendant by and with the consent of the plaintiff, used and occupied the premises for carrying on his business from November 23, 1915, to November 1, 1924, and still uses and occupies said premises; that the use of the premises for said period is reasonably worth $41,952.15; and refusal to pay said sum upon demand.

The facts thus pleaded suffice to spell out the existence by implication of the conventional relation of landlord and tenant. (*Collyer* v. *Collyer,* 113 N. Y. 442.)

Upon defendant's demand plaintiff furnished a bill of particulars, and it is stated therein that the consent alleged in the complaint " is the consent which the law implies from defendant's use and occupation of the premises together with the implied promise to pay for the value thereof."

In the light of this statement in the bill of particulars it is apparent that plaintiff relies on the mere occupation of the premises by defendant to establish the conventional relation; but an agreement to pay rent or the reasonable value of use and occupation is not implied from mere occupation of the premises (*Preston* v. *Hawley,* 101 N. Y. 586; *Lamb* v. *Lamb,* 146 id. 317; *Castle* v. *Armstead,* 168 App. Div. 466; affd., 219 N. Y. 615), and if there were no grounds to sustain the opposition to the motion other than those relied upon by plaintiff defendant would prevail.

While the statement referred to in the bill is to be regarded as

nullifying the allegations of consent in the complaint, and, therefore, preventing a recovery on the theory that the relation of landlord and tenant exists between the parties, must it be held that the bill of particulars makes the plaintiff's case insufficient as matter of law? If the defendant's entry and occupation were not with the consent of the plaintiff, then defendant is a trespasser, and as it is trite doctrine that there is a remedy for every wrong it would seem to follow that the plaintiff should have its damages for the invasion of its rights by the defendant.

Upon the facts before the court the measure of plaintiff's damage is clearly the reasonable value of the use of the premises by the defendant. But against a decision that the plaintiff may recover of the defendant trespasser the value of the use and occupation of the property it may be urged that to recover for use and occupation the conventional relation of landlord and tenant must exist. I think, however, that such contention would result from the failure to distinguish between what might be designated as mere common-law formalism and substantive rights under our system of pleading which authorizes a plaintiff, irrespective of form, to rely upon a statement of the facts constituting his grievance.

As a development of the common law a party was permitted to bring an action of assumpsit and thus avoid the difficulties presented in the pleading and proof of causes of action in covenant, debt and the like. The remedy, however, was not extended to a case in which the landlord sought to recover compensation for the use of his land, not reserved by deed, until the enactment of statutes (see 11 George II, chap. 19, § 14), in substance re-enacted in our Revised Statutes and contained in section 220 of our Real Property Law. When it is said, therefore, that to maintain use and occupation the conventional relation must exist, and such action cannot be maintained against a trespasser (Prof. Ames "Assumpsit for Use and Occupation," 2 Harv. L. R. 377; Keener Quasi Contracts, 191, 192), this merely means that the form of action characterized as assumpsit and based upon the existence of the conventional relation of landlord and tenant could not be maintained against one not bound expressly or impliedly as tenant, or against a trespasser. In *Preston* v. *Hawley* (101 N. Y. 586), cited by defendant, the plaintiff relied upon the existence of the conventional relation, and the court held that as against the defendant-vendor remaining in possession the relation was not made out and use and occupation was not recoverable, although on a subsequent appeal (139 N. Y. 296) the court held that the evidence given upon the new trial warranted the finding that defendant was a tenant, not a trespasser. So in the *Castle Case* (168 App.

Div. 466; affd., 219 N. Y. 615), in which it was sought to recover rent for use and occupation against a contract vendee in possession, the court held that the facts did not make out the existence of the conventional relation and, therefore, there could be no recovery. (See *Lamb* v. *Lamb,* 146 N. Y. 317.) Incidentally it may be noted that the Supreme Court of Pennsylvania in an action by landlord upon an assumpsit for use and occupation (*National Oil Refining Co.* v. *Bush,* 88 Penn. St. 335) says (p. 341): " The occupant may be in fact a trespasser, but the owner of the tenement may waive the trespass and recover in assumpsit, and it does not lie with the tort feasor to defeat him by interposing his own wrong."

Even at common law an owner of real property was given the right to recover from a trespasser the value of the use and occupation of the realty. It is true that this right could not be availed of in the absence of judgment in an action of ejectment against the wrongdoer, the reason apparently being that at most nominal damages were recoverable in ejectment; and the successful party recovered his damages by an action of trespass for mesne profits. Under our Revised Statutes (2 R. S. 310, § 45) the remedy was preserved and simplified, so that upon the filing of a suggestion of such a claim " in the same form as is now in use for a declaration in an action of assumpsit for use and occupation, as near as may be " the successful plaintiff could recover such so-called mesne profits.

Under the Code of Civil Procedure the subsequent proceeding by action for mesne profits, or suggestion, was obviated by providing (§§ 1496, 1497) that in an action to recover the realty plaintiff could demand in his complaint and in a proper case recover damages for withholding the property, that those damages included the rents and profits or the value of the use and occupation of the property " where either can legally be recovered by the plaintiff," and (§ 1531) that where plaintiff recovers judgment for the property, or possession thereof, he " is entitled to recover as damages the rents and profits, or the value of the use and occupation, of the real property recovered." The provisions of the Code are now contained in the Civil Practice Act (§§ 990–1011) as part of an " action to recover real property," and it has been held that the right given by the statute to recover for rental value or for use and occupation enabled a party to join " what had hitherto been separate rights of action, one accruing after the determination of the other." (*Willis* v. *McKinnon,* 178 N. Y. 451.)

It would seem to follow that the historical reasons which prevented an owner of property from recovering damages for trespass unless he had procured a judgment against the wrongdoer no

longer exists, for the apparent object of the legislation was not that compensation for trespass could only be had in an action to recover the property or the possession thereof, but to remedy a condition which made it necessary for a plaintiff in ejectment to institute, after judgment, a separate proceeding for the collection of his damages.

In *De Camp* v. *Bullard* (159 N. Y. 450, 454) the court says: " If a man's house is vacant with no prospect of a tenant and no intention on his part of occupying it himself, and a trespasser occupies it, he must pay as damages for the trespass the value of the use and occupation, for this would be the duty of a tenant contracting upon a *quantum meruit* for the use, by consent, of that which the trespasser uses without consent." And the court cites the text of Mr. Sutherland's work on Damages (vol. 3, pp. 366, 367) as follows: " If, the defendant derives a benefit from the tortious use of the plaintiff's premises, the plaintiff will be entitled to damages measured by the benefit to the defendant. Where the defendant tortiously used the plaintiff's canal, the court say trespass could be brought for entering and breaking the plaintiff's close, and he could allege and prove the use of the canal as special damages. (*Ward* v. *Warner*, 8 Mich. 508, 525.) He will be entitled to recover the value of the use. (*McWilliams* v. *Morgan*, 75 Ill. 473.) * * * Where the trespass suspends or impairs the enjoyment of the premises, compensation may be given on the basis of rental value in the absence of any ground for special damages or in addition to such special damages." (See *Bunke* v. *N. Y. Telephone Co.*, 110 App. Div. 241; affd., 188 N. Y. 600; *Whitwham* v. *Westminster Brymbo Coal & Coke Co.*, L. R. [1896] 2 Ch. Div. 538.)

Since the complaint shows a cause of action, and the bill of particulars, although negativing the existence of the conventional relation of landlord and tenant implied from the allegations of the complaint, nevertheless discloses that defendant is at least a trespasser, liable in damages to plaintiff, such damages being the reasonable value of the use and occupation of the property, under the procedural rule applicable (*Maxherman Co., Inc.*, v. *Alper*, 210 App. Div. 389), defendant's motion for judgment on the pleadings is denied, with ten dollars costs.