In the Matter of the Estate of JOHN S. RADWAY, Deceased.

Surrogate's Court, New York County, April 2, 1932.

*Bonynge & Barker* [*John T. Booth* of counsel], for the executor.

*Eppstein & Hirshfield* [*Ira W. Hirshfield* and *Louis J. Altlorug* of counsel], for the petitioner.

*Rosston & Hort* [*Edwin Hort* of counsel], for claimant Edgar F. Stiner.

FOLEY, S. The issues in this proceeding involve the liability of the estate for use and occupation of an apartment occupied by the decedent for the month of July, 1929. The proceeding was brought by the owner of the premises No. 565 Park avenue. The decedent was a subtenant. The tenant was Mrs. Eileen M. O'Kane. Her assignee — Edgar F. Stiner — appears in the proceeding and claims that he, and not the owner, is entitled to payment. The value of the use and occupation is conceded by all the parties. The executor stands neutral between the rival claimants and submits to the determination of the court whether the amount involved should be paid by him to the paramount landlord .(the owner), or to the assignee of the tenant.

In July, 1927, the 565 Park Avenue Corporation, as owner, leased the property to the Chigwell Realty Corporation for a period of twenty-one years. On May 1, 1928, the tenant corporation sublet to the decedent, as subtenant, an apartment at an annual rent of $4,000, payable in monthly installments on the first day of each month. Through mesne assignments the interest of the original

tenant in the leasehold became vested in Eileen M. O'Kane. Subsequently Mrs. O'Kane procured a loan upon the leasehold and assigned the lease and the rents of the premises to the claimant, Edgar F. Stiner, as collateral security for the loan. The terms of the original lease from the paramount landlord required the tenant to pay the rent in advance on the tenth day of each month and all taxes as they became due. The lease contained a provision authorizing the paramount landlord, in the event of the failure of the tenant to fulfill any of the covenants, to terminate the lease by a fifteen days' notice. Mrs. O'Kane, the tenant, failed to pay the taxes due in May, 1929. She likewise failed to pay the monthly rent due June 10, 1929. Thereupon the owner served a written notice to terminate the lease under its terms. The notice was served on June twelfth and the termination became effective fifteen days later. On July 1, 1929, the owner commenced summary proceedings to dispossess the tenant on the ground that she held over and was in default in the payment of taxes and rent. The proceeding was directed not only against the tenant, but against all the subtenants, including the decedent. A final order was made in the summary proceeding awarding possession to the paramount landlord. On July thirty-first a warrant to dispossess was issued out of the Municipal Court. Upon the execution of the warrant, the landlord was placed in possession of the premises. The decedent continued to reside in his apartment during August and September. No dispute arises as to the right of the paramount landlord to the payment of the value of the use and occupation for the latter two months. Accordingly, the surrogate holds that the estate is liable for the sum of $666.67 for the value thereof and directs payment thereof by the executor to the owner.

The remaining controversy arises as to the liability for use and occupation of the premises for the month of July, 1929. Is it payable to the tenant, Mrs. O'Kane (or more accurately, to Stiner, her assignee), or is it payable to the owner? I hold that the claim of the owner must be sustained and that there is due to it the sum of $333.33.

It is the law that the effect of a warrant, ultimately issued in a summary proceeding, is to cancel and annul the lease as of the date of the issuance of the precept in the proceeding. (Civ. Prac. Act, § 1434; *Marbridge Building Co., Inc.,* v. *White,* 115 Misc. 320; *Rainier Co.* v. *Smith,* 65 id. 560; *McGrory* v. *Lange,* 142 N. Y. Supp. 301; *Riglander* v. *Nile Tobacco Works,* 21 Misc. 339.) The warrant was issued here on July thirty-first. The precept was issued on July first. No claim for rent under the lease for the month of July is involved and both claimants rest upon the theory of use and

occupation. Section 1434 of the Civil Practice Act provides that the issuance of the warrant for the removal of the tenant cancels the agreement for the use of the premises and annuls the relationship of landlord and tenant. It also authorizes the recovery by the landlord of the premises of " the reasonable value of the use and occupation thereof to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any special provision for payment of rent." Plainly this section relates to the right of the paramount landlord who brings the summary proceeding to recover against the tenant. It does not, in my opinion, authorize the dispossessed tenant to recover for use and occupation from his subtenant. Such was the dictum of Mr. Justice LEHMAN writing on behalf of the Appellate Term in *Rainier Co.* v. *Smith* (65 Misc. 560). In that case the tenant was dispossessed. The petition had been filed and the precept issued on November twenty-seventh. The warrant issued on December ninth, which, under the law, canceled the lease as of the day of the issuance of the precept. The tenant attempted to recover from the subtenant not only for prior rent due, but also for rent for the month of December, which was due upon December first. By reason of the fact that the lease was annulled before the rent became due on December first, the right to recover for the rent for the month of December was denied by the court. Mr. Justice LEHMAN stated that he did " not feel certain " that the tenant could recover against the subtenant even for use and occupation. I apprehend that some measure of relief against the subtenant would be afforded to a tenant who had actually paid the paramount landlord for the use and occupation for the disputed period between precept and warrant. Certainly the tenant in such a situation should, as a matter of justice, be permitted to recover from the subtenant (in a case where the subtenant had not paid the paramount landlord) the reasonable value for use and occupation of the premises sublet by him. (*Phelan* v. *Kennedy*, 185 App. Div. 749.) That situation, however, does not exist in the present proceeding. The tenant's assignor is in default to the extent of thousands of dollars to the landlord for unpaid taxes and rent. Neither Mrs. O'Kane, as tenant, nor her assignee, Stiner, has paid the owner any sum for the month of July for use and occupation. The situation here is almost exactly within the facts in *Peck* v. *Ingersoll* (7 N. Y. 528). There a subtenant voluntarily paid the paramount landlord the rent for the period in dispute, after the default of the intermediate tenant. The Court of Appeals, in its opinion, pointed out that it has been frequently decided " upon the most obvious principles of justice " that if an undertenant is compelled to pay rent to the head

landlord he may deduct it from the rent due his immediate lessor. The opinion proceeds: " It is not necessary that the head landlord should distrain or even demand the money or commence or threaten a suit. The right to enforce his claim in this way will make the payment by the undertenant compulsory within the principle of the decisions." It was held further that the undertenant was authorized to protect his possession against the right of re-entry of the paramount landlord by paying the rent directly to him with an honest purpose to shield himself from damage.

In the present case, upon similar principles of justice, the executor should pay directly to the owner. I see no distinction between a payment by the subtenant of rent due, as was held in the *Peck Case* (*supra*), and the payment of the claim for use and occupation. The tenant and her assignee are in conceded default. By the direct payment by the executor to the landlord, the damages recoverable against the tenant for use and occupation of the whole premises will be proportionately reduced. Thereby, too, circuity of action and multiplicity of proceedings will be avoided.

The injustice of permitting payment to Stiner and the weakness of his contentions become apparent. The paramount landlord would be subjected to the hazards of recovering, if ever, from the defaulting tenant or her assignee. Stiner, as such assignee, would undoubtedly resist any attempt to compel him to pay for use and occupation for the disputed period. The payment by the estate directly prevents, therefore, further loss to the owner for the time it was kept out of its property.

When the warrant issues, the right to possession and recovery by the landlord becomes absolute from the time of the issuance of the precept. With that right goes the remedy to recover either from the tenant or the undertenant for use and occupation. The paramount landlord is entitled to compensation for the use of his property and he may select the former tenant or the former sub-tenant as the source of payment.

Although the circumstances here and the equity jurisdiction of this court might well lead to the application of equitable relief to the present situation, I prefer to base my determination upon principles of law only.

Submit decree on notice accordingly.