DORA OBOLER and Another, Respondents, v. PHILIP MILLER, Individually and as Assignee for the Benefit of Creditors of BERNARD M. CHAITMAN, Appellant.

Supreme Court, Appellate Term, First Department, February 9, 1933.

*Samuel L. Miller*, for the appellant.

*Paul A. Katske* [*Benjamin F. Burkitt* of counsel], for the respondents.

CALLAHAN, J.   Plaintiffs brought suit to recover from defendant, an assignee for benefit of creditors, $81.18, the alleged value of the use and occupation of premises leased to defendant's assignor, claiming actual possession by defendant from January 1 to 18, 1932.   At the close of the evidence the cause of action was amended, without objection, by demanding $140, rent in advance due January 1, 1932, under the written lease to the assignor.

Judgment was rendered in favor of plaintiffs in accordance with the amended complaint in the sum of $140, with interest and costs.

The assignment dated December 28, 1931, purports to transfer to the assignee all of the assignor's property, except such as is exempt from levy and sale under execution; the assignee joins in its execution and accepts the trust and covenants that he will faithfully and without delay execute the same.

" It is the well settled law that an assignee for the benefit of creditors when receiving, among the assets of his assignor, the unexpired term of a lease, has a reasonable time in which to decide whether he will accept the lease and assume the burdens of its covenants on behalf of the estate, or surrender possession of the premises to the landlord." (*Walton* v. *Stafford*, 162 N. Y. 558.)

The liability of an assignee for the benefit of creditors as distinguished from that of a specific assignee of a lease, as appears from *Journeay* v. *Brackley* (1 Hilt. 447, 453), thus corresponds with the liability of an assignee in bankruptcy, as in the latter case the leasehold estate remains in the bankrupt until acceptance by the assignee under the commission in bankruptcy, subject to the assignee's right to have the land by his acceptance of the assignment, and thereby to give effect to the assignment and vest the leasehold in himself. (See *Copeland* v. *Stephens*, 1 Barn. & Ald. 594.)

The assignment in the *Copeland* case was under the bankrupt and insolvent debtors' acts, and the assignees, like receivers, were officers of the court; " but it was held in *Carter* v. *Warne* (4 Car. & Pay. 191), and in *Pratt* v. *Leaven* (1 Miles [Penn.], 358), that there is no difference, in this respect, between assignees under a voluntary assignment by a debtor and assignees or trustees appointed under insolvent or bankrupt acts. The doctrine of *Copeland* v. *Stephens* [*supra*] and the law as above laid down have been recognized in numerous cases, and may now be regarded as firmly established." (*Journeay* v. *Brackley*, *supra*, 454.)

In cases arising under our National Bankruptcy Act, unless the lease expressly terminates the term upon bankruptcy, the leasehold interest passes to the trustee in bankruptcy if he elects to accept it. He has a reasonable time within which the lease may be accepted. If in the meanwhile he occupies the premises, he is liable for merely the reasonable rent while so occupied, and not for the rent stipulated in the lease itself. Nevertheless the rent so stipulated should be accepted as the reasonable worth of the use and occupation in the absence of clear showing of unreasonableness. (Keogh Summary Proceedings, 116.)

The evidence does not show any acceptance of the lease by the assignee in this instance. January 6, 1932, he took possession of the demised store, and after giving the required notice sold the stock by auction, and vacated the premises January eighteenth. It follows that it was error to hold the assignee liable under the covenants of the lease for the month's rent which became due in advance January first.

Defendant not having accepted the lease, his possession of the premises was not that of an assignee of a lease under the assignment; but it does not follow that he can occupy and use the landlord's property without paying for the value of the use and occupation of the premises. Though an action for use and occupation cannot ordinarily be maintained where there is an existing lease (*Anderson* v. *Hamilton*, 8 N. Y. Supp. 858), as shown by the rulings in the Federal courts the claim for use and occupation is not inconsistent with the continued existence of a lease not accepted as part of the assigned estate. The statement in *Walton* v. *Stafford* (162 N. Y. 558, at p. 563) that there could be no recovery against the assignee for use and occupation, " as the lease was in full force and effect during the period of his occupancy," must be considered in the light of the fact that the possession of the assignee in that case was under an acceptance of the lease, and his liability was accordingly measured solely by its terms.

As an objection to an award for use and occupation in this instance

it might be urged that having abandoned that claim on the trial and recovered for rent we should reverse the judgment and dismiss the complaint. But as the facts entitle the plaintiffs to demand use and occupation it seems to me we may correct the error below (Civ. Prac. Act, § 105) and award such recovery.

Where the assignee adopts the lease it has been held that suit is properly brought against him in his representative capacity, for the reason that the liability sought to be enforced is the liability of the assignor's estate legally resulting from its acquisition of the lease as an asset. (*Walton* v. *Stafford,* 14 App. Div. 310, at p. 312; affd., 162 N. Y. 558.) As the lease was not adopted in this instance it would seem that the defendant's liability to the plaintiffs for use and occupation is an individual liability, with a claim for reimbursement out of the assets of the assigned estate (*O'Brien* v. *Jackson,* 167 N. Y. 31); but it is unnecessary to decide that question here, since no point was made on the trial as to the propriety of plaintiffs' demand against the defendant individually and as assignee.

Judgment modified by reducing plaintiffs' recovery to the sum of fifty-six dollars, with interest and costs, and as modified affirmed, without costs.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.