Per Curiam.

We concur in the conclusion directing judgment in favor of the plaintiff, but- solely on the ground that since the plaintiff was entitled to possession, it was entitled to compensation for the use of its land (see, i.e., Oboler v. Miller, 146 Misc. 509; Talley v. James Everard’s Breweries, 116 N. Y. S. 657; Christatos v. United Cigar Stores of Amer., 144 Misc. 322). The obligation does not rest on trespass or on contract, express or implied in fact, but is one “imposed by the law for the purpose of bringing about justice without reference to the intention of the parties ” (1 Williston, Contracts [3d ed.], § 3A, p. 13; see, also, 9 N. Y. Jur., Contracts, § 4; Miller v. Schloss, 218 N. Y. 400, 408). The indorsement on the summons sufficed to give the defendants adequate notice of the plaintiff’s claim. In affirming, we do not adopt the theory, enunciated below, that the defendants.had committed trespass.
The judgment entered May 4, 1972, was superseded by the resettled judgment. The separate appeal from the former should, therefore, be dismissed.
The resettled judgment should be affirmed, with $25 costs; appeal from the judgment entered May 4, 1972. should be dismissed without costs.
Concur — Lupiano, J. P., Quinn and Markowitz. JJ.
Judgment affirmed, etc.