OPINION OF THE COURT
Louise Gruner Gans, J.
This dispute between two New York City institutions, the venerable Reformed Protestant Dutch Church of the City of *937 New York, and. Henry Modell and Co., whose stores have for many years been a familiar city landmark, continues to provide legal challenges for Judges and lawyers, although surely it has reached a point of diminishing returns for the litigants.
The essence of the dispute involves the efforts of Henry Modell and Co. (Modell), as subtenant of premises at 198 Broadway to exercise its option to renew its lease for an additional 21-year term in the face of the failure of 198 Broadway, Inc., the prime tenant, to exercise its right to renew the net lease on the continuation of which Modell’s lease rights depended. Modell’s right to renew its lease also affected the lease rights of The Camera Barns, Inc., an entity to whom Modell had subleased a portion of its leased premises. The Ministers, Deacons and Elders of the Reformed Protestant Dutch Church of the City of New York (the Church) own the 198 Broadway property and sought to evict Modell and The Camera Barns, Inc., from the premises.
During approximately 10 years of litigation, including two appeals to the Appellate Division, First Department, and to the Court of Appeals, in addition to numerous other applications to those courts, as well as three appeals to the Appellate Term, First Department, actions in the Supreme Court and proceedings in this court, Modell (and The Camera Barns in its wake) has consistently been the loser and the Church the winner. However, both Modell and The Camera Barns remained in possession of all or of a portion of the disputed premises till sometime in 1990.
The present decision involves the Church’s claim for the payment by Modell and The Camera Barns of the reasonable value of the use and occupancy of the premises. The following summarizes the relevant procedural history of the case.
On January 29, 1980, the petitioner Church, as landlord, commenced a summary holdover proceeding in this court, against respondent 198 Broadway, Inc., as tenant, and Henry Modell and Co., Inc., and The Camera Barns, Inc., as under-tenants, following the expiration of their respective leases and subleases on January 15, 1980.
Respondent 198 Broadway, Inc., never filed an answer to the petition. Respondents Modell and The Camera Barns served and filed their respective verified answers on or about February 5, 1980, and on or about October 14, 1980 Modell served and filed a verified amended answer.
*938 Petitioner moved for summary judgment and to strike certain of Modell’s defenses and respondent Modell cross-moved for summary judgment and discovery. Following determination of these motions in Modell’s favor by the Civil Court, the Appellate Term reversed, granting petitioner’s motion for summary judgment and denying respondent Modell’s cross motion.
A judgment finally determining the holdover proceeding was signed by Hon. Judge Ribaudo of the Civil Court and entered by the clerk, on remittitur, with the notation, "As per order of Appellate Term of the Sup. Ct. First Dept.” The judgment was a final judgment of possession in favor of petitioner and against respondents tenant and undertenants. In time the May 21, 1981 order of Appellate Term, First Department, was affirmed by the Appellate Division, First Department (Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 88 AD2d 511 [1st Dept 1982]), and by the Court of Appeals (Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 59 NY2d 170 [1983]).
The determination of respondent Modell’s appeal to the Court of Appeals on June 9, 1982 was followed by two successive motions in the Civil Court to vacate the October 30, 1981 final judgment of possession on the basis of newly discovered evidence. Both motions to vacate were ultimately denied and in May 1990 petitioner moved for a trial of its use and occupancy claim. Modell responded with a motion to dismiss the claim and the motion was ultimately submitted to this court for determination. One of the grounds for the motion, in which respondent The Camera Barns joins, is lack of privity between petitioner and respondent undertenants. As to the ground, Modell and The Camera Barns contend that the lack of privity, as a matter of law, bars recovery of use and occupancy against them in a summary proceeding.[1]
Modell and The Camera Barns argue that in the absence of a landlord-tenant relationship, petitioner may not recover use and occupancy directly from them, as subtenants, in a summary proceeding. Respondents cite 14 Second Ave. Realty Corp. v Steven Corp. (16 AD2d 751 [1st Dept 1962], affd 12 NY2d 919 [1963]), and Glickman v Glenwood-Syosset Appliances Corp. (45 Misc 2d 655 [App Term, 2d Dept 1965]), neither of which involved summary proceedings.
*939 Pursuant to RPAPL 741 (5), an award of use and occupancy against respondents Modell and The Camera Barns is within the scope of the Civil Court’s authority in a summary proceeding. In 1976, RPAPL 741 (5) was amended to add to the relief that may be demanded in a petition, a request "for a period of occupancy during which no rent is due [a judgment] for the fair value of use and occupancy of the premises”. (L 1976, ch 302, § 1.) Prior to the 1976 amendment of RPAPL 741 (5), the Civil Court lacked authority to award use and occupancy in a summary holdover proceeding, whether privity existed between the parties or not. (Seminole Hous. Corp. v M & M Garages, 47 AD2d 651 [2d Dept 1975].) It was the court in Seminole who recommended the amendment to "avoid circuity of action”. (Supra, at 651.) While Seminole involved several landlords’ efforts to collect use and occupancy from their tenants, section 741 (5) as amended does not restrict to tenants the category of persons who may be required to pay use and occupancy. Using only the neutral terms, "petitioner” and "respondent”, RPAPL 741 (5) on its face applies equally to summary proceedings where a landlord-tenant relationship exists (RPAPL 711) and where it does not (RPAPL 713).[2]
As to the substantive issue whether privity of contract or estate is essential to an award of use and occupancy, the nature of the legal relationship between the parties required to support an award of use and occupancy has typically been considered in two distinct factual settings. Disputes incidental to the purchase and sale of real property provide one such setting and involve use and occupancy claims between vendor and vendee either where the vendor fails to relinquish possession after transfer of title (Preston v Hawley, 139 NY 296 [1893]), or, where the vendee is in possession before closing and it develops that the contract of purchase and sale will not be completed (Castle v Armstead, 168 App Div 466 [2d Dept 1915]).[3]
The decision in 14 Second Ave. Realty Corp. v Steven Corp. (16 AD2d 751, affd 12 NY2d 919 [1963], supra), on which *940 respondents rely, involved "a vendor/vendee situation.” (Glickman v Glenwood-Syosset Appliances Corp., 45 Misc 2d 655 [App Term, 2d Dept 1965], supra.) The law governing claims for use and occupancy in these situations has held up without significant change since the 19th century. Because of the expectation that payment for occupancy of premises in vendor/vendee situations would be provided for in the contract of purchase or at closing, and because of inconsistency between the vendor/vendee and the landlord-tenant relationships (Preston v Hawley, supra; Barbarita v Schilling, 111 AD2d 200, 201-202 [2d Dept 1985]), in these situations, proof of a landlord-tenant relationship (i.e., some agreement to pay rent, either expressed or implied) has consistently been required as a condition of an award of use and occupancy. (Preston v Hawley, supra; 14 Second Ave. Realty Corp. v Steven Corp., supra; Barbarita v Schilling, supra; Mendoza v Rodriguez, 127 AD2d 635 [2d Dept], lv denied 70 NY2d 612 [1987].) The source of this requirement can be traced in part to Real Property Law § 220, and its predecessor statutes, section 190 of the Real Property Law of 1896 and Revised Statutes of New York (part 2, ch 1, tit 4, § 26 [1st ed]), which authorized an action for use and occupation only on the basis of an "agreement.” (Preston v Hawley, supra, at 298; Lamb v Lamb, 146 NY 317, 323 [1895].)
The other context in which the existence of privity as a condition for an award of use and occupancy has been a recurring issue is that of disputes between a landlord, or other holder of superior title to real property, and a nontenant third party in possession of the premises. Most frequently, the third party is a subtenant, but the category has included, for example, trespassers claiming title by adverse possession (New York Connecting R. R. Co. v Queens Used Auto Parts, 298 NY 830 [1949]); the purchaser of personal property stored in the landlord’s premises (Rand Prods. Co. v Mintz, 69 Misc 2d 1055, affd 72 Misc 2d 621 [App Term, 1st Dept 1973]); and a lessee’s assignee for the benefit of creditors (Oboler v Miller, 146 Misc 509 [App Term, 1st Dept 1933]). Here the privity requirement has been the subject of some debate for at least 100 years. The debate has primarily concerned whether a right to use and occupancy could be derived from occupancy alone, either on the theory that occupancy alone implied an agreement in fact to pay rent or use and occupation (Preston v Hawley, 139 NY 296 [1893], supra; Lamb v Lamb, 146 NY 317, 323 [1895], supra; Castle v Armstead, 168 App Div 466 [2d *941 Dept], supra, affd 219 NY 615 [1916]; City of New York v Fink, 130 Misc 620 [Sup Ct, NY County 1927]), or, on the theory that an obligation to pay use and occupancy in the absence of privity could be implied in law (De Camp v Bullard, 159 NY 450, 454 [1899]; Rand Prods. Co. v Mintz, 72 Misc 2d 621, 622 [App Term, 1st Dept 1973], supra; Gasoff Realty Corp. v Berger, 188 Misc 622, 626 [App Term, 1st Dept 1947, Hammer, J., dissenting opn]; City of New York v Fink, supra, at 623). The first theory was rejected; the second became the prevailing legal principle.
The debate and disagreement as to the privity requirement has been primarily between the Appellate Terms of the First and Second Judicial Departments, developing many years after early Court of Appeals decisions had addressed the issue.
As previously discussed, Preston v Hawley (101 NY 586 [1886]) examined the privity requirement in the vendor/ vendee situation in an action for use and occupancy pursuant to Revised Statutes of New York (part 2, ch 1, tit 4, § 26 [1st ed]), a predecessor statute to Real Property Law § 220. McFarlan v Watson (3 NY 286 [1850]) involved a claim for use and occupancy against a subtenant in an action for assumpsit, and the court held that because of the absence of privity of contract or estate between the parties, the action could not be maintained. Even though McFarlan does not specify the statutory basis under which the action was brought, it can be presumed that it was also under the predecessor statute of Real Property Law § 220 (Revised Statutes of New York, part 2, ch 1, tit 4, § 26 [1st ed]). As explained in City of New York v Fink (130 Misc 620 [Sup Ct, NY County 1927], supra), both the form of action of assumpsit and these statutory provisions required a contractual relationship.
McFarlan (supra) did not discuss the availability of alternative remedies for recovery of use and occupancy against a subtenant. However, as noted in Preston v Hawley (139 NY 296, 298 [1893], supra), Lamb v Lamb (146 NY 317, 323 [1895], supra), and De Camp v Bullard (159 NY 450 [1899], supra), the remedies of "trespass, or ejectment, and for the recovery of mesne profits” (Preston v Hawley, 139 NY, supra, at 298), or recovery in "quantum meruit” (De Camp v Bullard, 159 NY, supra, at 454), were available in the absence of a contractual landlord-tenant relationship.
In De Camp v Bullard (supra), the Court of Appeals construed or implied, from the terms of an undertaking, a prom *942 ise to pay for the reasonable value of the use of a river for floating logs. Reasoning by analogy from the concept of reasonable value of use and occupancy of real property, the court stated, "If a man’s house is vacant with no prospect of a tenant and no intention on his part of occupying it himself, and a trespasser occupies it, he must pay as damages for the trespass the value of use and occupation, for this would be the duty of a tenant contracting upon a quantum meruit for the use, by consent, of that which the trespasser uses without consent.” (Supra, at 454.) Although technically dictum, this statement was relied on in subsequent decisions to permit recovery of use and occupancy without regard to privity.
The Appellate Term, Second Department, decision, Glickman v Glenwood-Syosset Appliances Corp. (145 Misc 2d 655 [App Term, 2d Dept 1965], supra), relying solely on McFarlan v Watson (supra), and without further explanation, rejected the possibility that an owner may recover use and occupation from a third party in possession in the absence of privity.
By contrast, a series of decisions at the trial and Appellate Term levels, in the First Department have held that, despite the absence of privity, a third party using or occupying real property may nevertheless be liable to the owner for use and occupation of the premises (City of New York v Fink, 130 Misc 620 [Sup Ct, NY County 1927], supra; Christatos v United Cigar Stores Co., 144 Misc 322 [App Term, 1st Dept 1932]; Matter of Radway, 144 Misc 352 [Sur Ct, NY County 1932]; Oboler v Miller, 146 Misc 509 [App Term, 1st Dept 1933], supra; Rand v Mintz, 69 Misc 2d 1055, affd 72 Misc 2d 621 [App Term, 1st Dept 1973], supra; see also, Gasoff Realty Corp. v Berger, 188 Misc 622, 626 [App Term, 1st Dept 1947, Hammer, J., dissenting opn], supra).
These decisions, which are binding on this court, all permit use and occupancy, as distinguished from rent, to be recovered without the existence of privity, on the underlying theory of quantum meruit, defined as an obligation " 'imposed by the law for the purpose of bringing about justice without reference to the intention of the parties’ ” (Rand Prods. Co. v Mintz, 72 Misc 2d 621, 622 [App Term, 1st Dept 1973], quoting 1 Williston, Contracts § 3A, at 13 [3d ed 1961]).
None of the decisions addressing the privity requirement involved summary proceedings, for the obvious reason that, as discussed supra, prior to the 1976 amendment of RPAPL 741 (5), use and occupancy could not be awarded in a summary *943 proceeding. Before the 1976 amendment, under RPAPL 749 (3) and its predecessor provisions, Civil Practice Act § 1434 and Code of Civil Procedure § 2253, use and occupancy could only be recovered in an "action” commenced after the conclusion of a summary proceeding. (See, e.g., Matter of Radway, 144 Misc 352 [Sur Ct, NY County 1932], supra.)
Following the amendment of RPAPL 741 (5) in 1976 to permit use and occupancy to be awarded in summary proceedings, the discussion of privity with respect to claims for use and occupancy against nontenant third parties has virtually disappeared from reported decisions. Use and occupancy has been awarded against subtenants and other third parties without discussion in summary proceedings as well as plenary actions. (New York Univ. v Contrastano, NYLJ, Apr. 20, 1989, at 23, col 2 [App Term, 1st Dept] [summary proceeding]; Cangiano v Amvenco Corp., NYLJ, Feb. 8, 1990, at 23, col 3 [App Term, 1st Dept] [summary proceeding]; 48 E. 68th Assocs. v DeMalleray, NYLJ, Nov. 12, 1985, at 16, col 1 [App Term, 1st Dept] [summary proceeding]; Annunziata v Pastorello, NYLJ, June 14, 1990, at 30, col 5 [Civ Ct, Bronx County] [summary proceeding]; Henry v Millis, NYLJ, Sept. 17, 1990, at 26, col 6 [Dist Ct, Nassau County] [summary proceeding]; Trustees of Columbia Univ. v Anderson, 16 HCR 150 [Civ Ct, NY County 1988] [summary proceeding]; Park House Partners v Taylor, 14 HCR 375 [Civ Ct, NY County 1984] [summary proceeding]; Tabak v Koppel, 160 AD2d 353 [1st Dept 1990] [plenary action]; Juntikka v Metropolitan Life Ins. Co., NYLJ, July 12, 1989, at 22, col 1 [Sup Ct, NY County] [plenary action]; Beacway Operating Corp. v Concert Arts Socy., 123 Misc 2d 452 [Civ Ct, NY County 1984] [plenary action]; see also, Schwarz v Schwarz, 146 AD2d 451 [1st Dept 1989] [plenary action].)
Thus, after 1976, the law as it had evolved and was expressed in Rand v Mintz (72 Misc 2d 621 [App Term, 1st Dept], supra) was applied in summary proceedings and actions alike. This court’s reading of that law is that with respect to nontenant third parties in possession, including most particularly subtenants, use and occupancy may be awarded on the *944 theory of quantum meruit, without regard to privity,[4] and respondents’ motion is denied on that basis.

. This decision has been edited for publication. Discussion of other grounds for dismissal has been omitted.

. The legislative history of the amendment is inconclusive, since the memorandum introducing the amendment refers to provision of use and occupancy both with reference to a "tenant in possession” and "the person in possession (usually a holdover tenant)” (mem in support, Bill Jacket, L 1976, ch 302).

. Typically, these claims are not presented in summary proceedings, since RPAPL 713 (9) limits the availability of such proceedings to contracts of sale to be performed within 90 days.

. In a new formulation, it has been suggested that the obligation to pay use and occupancy "arises solely from a comparison of the superiority of the estates” (Treiman’s Landlord and Tenant Encyclopedia and Review, Use and Occupancy, at 1 [1991]), between the party claiming use and occupancy and the nontenant third party.